PER CURIAM.
¶ 1 Dylan Hayes, by counsel, appeals his judgment of conviction. He also appeals the order denying his postconviction motion for a new trial. On appeal, Hayes argues that he received ineffective assistance of counsel and should be granted a new trial. We reject Hayes's arguments and affirm the judgment and order.
BACKGROUND
¶ 2 Hayes was found guilty, after a jury trial, of four counts of sexual assault with use of force, one count of misdemeanor battery, and one count of disorderly conduct, all with domestic abuse and repeater enhancers. See WIS. STAT. §§ 940.225(2)(a), 940.19(1), 947.01(1), 939.62(1), 968.075(1)(a) (2011-12). Hayes filed a postconviction motion for a new trial, arguing that his counsel rendered ineffective assistance in several respects. The circuit court denied the motion after an evidentiary hearing held pursuant to State v. Machner , 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). Hayes now appeals.
STANDARD OF REVIEW
¶ 3 Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact. State v. Maday , 2017 WI 28, ¶ 25, 374 Wis. 2d 164, 892 N.W.2d 611. The circuit court's findings of fact will not be disturbed unless those findings are clearly erroneous. Id. The circumstances of the case and counsel's conduct and strategy are considered findings of fact. Id. Whether those facts constitute deficient performance and prejudice are questions of law that we review independently. State v. Swinson , 2003 WI App 45, ¶ 57, 261 Wis. 2d 633, 660 N.W.2d 12.
DISCUSSION
¶ 4 A defendant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. Id. at 697. On appeal, Hayes argues that his trial counsel was ineffective for introducing evidence of Hayes's prior incarceration, probation status, allegations of past abusive behavior, marijuana use, and sexual history. For the reasons discussed below, we reject each of these arguments.
Prior Incarceration
¶ 5 During cross-examination of the victim at trial, Hayes's counsel asked: "Isn't it in fact true that Mr. Hayes was incarcerated all of 2011?" The victim replied that she knew Hayes had been "out for a little while." Earlier, on direct examination, the victim had testified that Hayes visited her at her home in November of 2011. Trial counsel testified at the postconviction motion hearing that he elicited the information about Hayes's incarceration for the impeachment purpose of suggesting that, if the victim was not telling the truth about seeing Hayes in 2011, she may not be telling the truth about the sexual assault allegations. The circuit court concluded that trial counsel's attempted impeachment was an "appropriate and reasonable" strategy.
¶ 6 We conclude that the ineffective assistance claim based on trial counsel's introduction of evidence of Hayes's prior incarceration fails on both the deficient performance and prejudice prongs. See id. at 687. Judicial review of an attorney's performance is highly deferential, and the reasonableness of an attorney's acts must be viewed from counsel's contemporary perspective to eliminate the distortion of hindsight. State v. Maloney , 2005 WI 74, ¶ 25, 281 Wis. 2d 595, 698 N.W.2d 583. Here, we are satisfied that trial counsel's decision to elicit brief testimony about Hayes's incarceration was a reasonable impeachment strategy and not deficient performance, even if it did not ultimately lead the jury to disbelieve the victim.
¶ 7 The reasonableness of trial counsel's strategy is bolstered by the fact that counsel knew "all along" that Hayes would testify at trial, which would require Hayes to admit that he had prior criminal convictions. When Hayes took the stand, he testified that he had been convicted of a crime eleven times. Even if the victim had not said so, a reasonable juror could have inferred that one or more of those convictions led to Hayes being incarcerated. Thus, any impact of the jury learning that Hayes was incarcerated in 2011 was minimal within the context of the entire trial, such that Hayes cannot show that he suffered actual prejudice as a result. See Strickland , 466 U.S. at 695 (in the context of an ineffective assistance claim, we consider "the totality of the evidence before the judge or jury").
Probation Status
¶ 8 During cross-examination of the victim, trial counsel referred to Hayes's probation status and to Hayes's female probation agent. Trial counsel testified at the postconviction motion hearing that he did so in order to support a trial theory that the victim, who had an "on-again and off-again relationship" with Hayes, harbored jealousy toward the probation agent. Trial counsel also elicited testimony about Hayes's probation status from the police officer who had interviewed Hayes. The interviewing officer testified that Hayes denied ever yelling at the victim and said that he would not do so because he was on probation and knew the domestic abuse laws. Another police officer testified, upon questioning from trial counsel, that Hayes had been angry at the victim's mother for calling his probation agent.
¶ 9 At the postconviction motion hearing, trial counsel explained that he had elicited testimony about Hayes's probation status in order to support a defense theory that Hayes was aware of what the laws were and knew that he would get arrested if he did anything to come into contact with law enforcement. The circuit court found that the probation status question directed to the victim "was reasonably related to the jilted lover theme" and that it was also a reasonable strategy to suggest that Hayes would be unlikely to commit crimes while on probation. The circuit court was in the unique position of hearing counsel's testimony regarding why he made the decisions he did, and found counsel's explanations to be credible and reasonable. Nothing in the briefs or the record suggests that those findings were clearly erroneous and, therefore, we will not disturb the findings on appeal. See State v. Maloney , 2004 WI App 141, ¶ 8, 275 Wis. 2d 557, 685 N.W.2d 620 (counsel's basis for challenged conduct is a factual matter that we will not disturb unless clearly erroneous). We are satisfied that counsel did not perform deficiently in eliciting testimony about Hayes's probation status.
Past Abuse Allegations
¶ 10 Trial counsel also briefly elicited testimony, during cross-examination of a police officer, that the victim had told the officer that she and Hayes once yelled at one another so loudly that one of the neighbors asked if Hayes was "beating his girlfriend." Trial counsel testified at the postconviction motion hearing that his theory of defense in eliciting this testimony, which referred to abuse that was never substantiated, was to show that the victim's other claims about Hayes were unsubstantiated or fabricated as well. The circuit court expressly found that trial counsel "was credible concerning what he sought to convey to the jury with this testimony." Generally, a circuit court's credibility determinations will not be disturbed on appeal. See State v. Turner , 114 Wis. 2d 544, 550, 339 N.W.2d 134 (Ct. App. 1983). We conclude, as did the circuit court, that it was within the "wide range of professionally competent assistance" for counsel to use evidence of the unsubstantiated abuse allegation to impeach the victim. See Strickland , 466 U.S. at 690.
¶ 11 We reach the same conclusion as to trial counsel's decision to elicit testimony from Hayes on direct examination about Hayes's verbal abuse and demeaning conduct toward the victim. Hayes testified that, when he and the victim had been living together in 2010, the victim "wanted sex for rent." Hayes testified that the victim called the police on him because he insulted her and told her that he would rather pay rent than have sex with her. At the postconviction motion hearing, trial counsel testified that he believed this line of questioning would provide the jury with a reason to believe that the victim had a strong motive to lie because she was upset that Hayes was "done" with her. The circuit court acknowledged an admission from trial counsel that counsel did not dedicate the time he would have liked in preparing Hayes for testifying at trial. However, the court ultimately concluded that the elicited testimony from Hayes was part of counsel's reasonable strategy of painting the victim as a rejected lover. We agree. A defendant is entitled to a fair trial, not a perfect one, with an adequate lawyer, not the best one. State v. Hanson , 2000 WI App 10, ¶ 20, 232 Wis. 2d 291, 606 N.W.2d 278 (1999). Here, although counsel might have done more to prepare Hayes for testifying, the record satisfies us that counsel's decision to use Hayes's negative statements about the victim to aid the "jilted lover" theory of defense was a reasonable strategy, and not deficient performance.
Marijuana Use
¶ 12 Hayes argued in his postconviction motion that trial counsel was ineffective for eliciting testimony from Hayes that Hayes smoked marijuana. The State conceded that trial counsel had no apparent strategic reason for eliciting this testimony. However, the circuit court concluded that Hayes suffered no actual prejudice from the testimony about Hayes's marijuana use. We agree.
¶ 13 The record reflects that, in addition to admitting that he smoked marijuana, Hayes also volunteered, without any prompting from counsel, the fact that he and the victim bought "Spice," or synthetic marijuana, together. According to Hayes, the victim was the one who "wanted some Spice" on at least one occasion. Hayes later admitted that he also used Spice to help him relax.
¶ 14 To prove prejudice, a defendant must show that, but for counsel's unprofessional errors, a reasonable probability exists that the result of the proceeding would have been different. Strickland , 466 U.S. at 694. Hayes cannot do so here. Even if counsel had not elicited testimony about Hayes's marijuana use, the record would still contain Hayes's admissions that both he and the victim used synthetic marijuana. In addition, any negative character traits that the jury may have attributed to Hayes because of his drug use could be equally attributed to the victim for her own drug use, thus balancing out any prejudicial effect on Hayes. Because Hayes cannot show that he was prejudiced by his testimony about marijuana use, we conclude that his counsel was not ineffective for eliciting the testimony.
Sexual History
¶ 15 The victim testified at trial, under questioning from trial counsel, that Hayes boasted that he had had sex with over 100 women. Trial counsel did not request that the court strike the testimony or give a curative instruction. Trial counsel also did not elicit any testimony about whether Hayes's boast made the victim angry or jealous. The circuit court concluded that counsel performed deficiently in this respect, but that Hayes did not suffer any resulting prejudice. Hayes challenges this conclusion on appeal, arguing that the testimony about his number of partners led the jury to view him as oversexed and, thus, more likely to have committed the charged crimes.
¶ 16 Here, we need not decide whether trial counsel performed deficiently in eliciting testimony about Hayes's number of sexual partners because we conclude, as did the circuit court, that Hayes cannot demonstrate that he suffered any actual prejudice as a result of the alleged error. Here, the record contains ample evidence from which the jury could come to its own conclusions about Hayes's character and credibility, even had the jury not heard testimony about his number of sexual partners. Hayes stated in his own trial testimony that, during one period of time when he was staying with the victim for a couple of months, he would have sex with the victim three or four times a day. The victim testified in detail about specific conduct by Hayes that, if believed, was sufficient to satisfy the elements of all four sexual assault charges against him, as well as the battery and disorderly conduct charges. The record also contains evidence that Hayes told the police officer who interviewed him that he had just been "using" the victim for his needs. When considered along with all of the evidence presented at trial, much of which painted Hayes in a negative light, we are not persuaded that the testimony about Hayes's number of sexual partners tipped the balance against him. Accordingly, his claim that counsel was ineffective for introducing evidence of his sexual history fails under the prejudice prong. See Strickland , 466 U.S. at 687.
Cumulative Effect
¶ 17 Finally, we reject Hayes's argument that the cumulative effect of trial counsel's errors entitles him to a new trial. We previously concluded that trial counsel was not ineffective for introducing evidence of Hayes's prior incarceration, probation status, allegations of past abusive behavior, marijuana use, and sexual history. We conclude that, whether viewed separately or together, none of the arguments raised by Hayes undermine our confidence in the outcome of the trial, such that the circuit court properly denied Hayes's postconviction motion.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).