SEIDL, J.[1]
¶1 Carrie Counihan appeals a judgment of conviction entered on her no-contest pleas to five counts of misdemeanor theft. She also appeals an order denying her motion for post-conviction relief. She contends she was denied due process at sentencing when the circuit court informed the parties that it had reviewed the sentences of similarly situated defendants in other cases within the county without giving her notice and an opportunity to review those cases. Counihan also claims her trial counsel provided ineffective assistance by failing to object to the court's consideration of the sentences imposed in the other cases, and by failing to seek an adjournment so that the defense could have time to review those cases prior to sentencing. We reject her arguments and affirm.
BACKGROUND
¶2 Pursuant to a plea agreement, Counihan pleaded no contest to five misdemeanor charges of theft from the Door County Humane Society that she committed as executive director of that society. In exchange for Counihan's pleas, the parties jointly recommended that, upon Counihan's advance payment of restitution, the circuit court withhold sentence, place Counihan on probation with sixty days' conditional jail time imposed and stayed, order her to pay a fine on each count, and write a letter of apology to the humane society.
¶3 As relevant to this appeal, the circuit court explained during sentencing that it had reviewed sentences imposed in other Door County court cases. The court stated: "Perhaps most significantly, I pulled all files that we could find in Door County where somebody has pled to theft in a business-type setting. There were about six or seven of them that we could find, and I have reviewed those files in detail."
¶4 Later in its sentencing remarks, the circuit court provided the parties with the case numbers of the cases it had reviewed and then described certain "themes and dynamics" of the cases that were "very interesting to [it]." The court commented on whether jail or probation was ordered in each case and why, in the court's opinion, probation was given in some cases and not in others. The court also explained that it found one Door County case "most like" Counihan's because the defendant in that case stole money from a local business "over many months" and "spent 11 months in jail." The court then stated:
Now, this Court realizes - this Court, this person, this attorney practiced law for many years, 30 years, and I certainly understand that every single case is different. Every case has a nuance. So these prior cases, these other cases in Door County, have provided this Court guidance, but I am not relying solely on these other cases.
¶5 The circuit court rejected the parties' joint recommendation for probation and sentenced Counihan to nine months in jail, concluding that probation "would unduly depreciate the seriousness of the offenses here" and that Counihan "need[ed] to be held accountable" for her actions. It also explained that probation was inappropriate for Counihan because "probation is appropriate where somebody needs supervision," and Counihan did not need "that type of supervision."
¶6 Counihan subsequently filed a pro se motion for post-conviction relief, and after retaining counsel, she filed an amended post-conviction motion. Counihan asserted that she had not been properly informed of her right to seek post-conviction relief, contrary to WIS. STAT. § 973.18(2), and that she received ineffective assistance of counsel at her sentencing hearing.
¶7 As relevant to this appeal, Counihan argued her counsel was ineffective because he failed to object to the circuit court's consideration of the other Door County cases, and he failed to seek an adjournment to provide her with time to review those cases prior to her sentencing. Counihan also asserted a due process violation, arguing the court erred by failing to give her notice prior to sentencing of its intent to review the Door County cases. She contended this error prejudiced her because she was unable to properly review and research the cases to "make a reasoned argument to the court that [her] proposed sentence was consistent with what had occurred in previous cases similar to cases such as hers."
¶8 After a Machner hearing,[2] the circuit court denied Counihan's post-conviction motion. The court determined that her counsel's "tactical decision not to object" or ask for an adjournment did not fall "below an objective standard of care." It also concluded that, even if her counsel was deficient, Counihan was not prejudiced because the court "[didn't] find that it would have changed anything."[3] The court further stated that it believed its consideration of sentences imposed in other similar Door County cases was "appropriate." Counihan now appeals and requests resentencing.
DISCUSSION
¶9 Counihan argues that due process required the circuit court to provide her with advance notice of its intention to review other Door County cases when determining her sentence because she had "no opportunity to review or rebut this information." In the alternative, she argues that her counsel rendered ineffective assistance by failing to object during the court's sentencing remarks and failing to seek an adjournment.
¶10 We decline to address the merits of Counihan's due process argument because she forfeited it. Counihan failed to preserve the issue for appellate review when she did not object at sentencing to the circuit court's use of the Door County cases. See State v. Ndina , 2009 WI 21, ¶¶29-30, 315 Wis. 2d 653, 761 N.W.2d 612. While she did anticipate possible forfeiture by addressing the issue in her brief-in-chief, her argument that we should ignore the forfeiture is unavailing.
¶11 Counihan analogizes her case to State v. Tiepelman , 2006 WI 66, 291 Wis. 2d 179, 717 N.W.2d 1, to support her contention that, in spite of her forfeiture, we should address the merits of her due process argument. She asserts, "Like our supreme court did in Tiepelman , this court should review [her] due process claim directly ...." In Tiepelman , our supreme court remanded the matter for resentencing because the circuit court relied on inaccurate information about the defendant's criminal record at sentencing. Id. , ¶¶29, 31. However, Tiepelman does not address the issue of argument forfeiture, and, therefore, is inapposite.
¶12 We are well aware that the forfeiture rule is one of judicial administration and that we have the authority to ignore a forfeiture. See State v. Erickson , 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). However, the "normal procedure" in criminal cases for addressing forfeiture is within the rubric of an ineffective assistance of counsel analysis, which Counihan also asserts here. See id . Whether an attorney rendered ineffective assistance is a mixed question of fact and law. State v. Nielsen , 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325. We will uphold the circuit court's findings of fact unless they are clearly erroneous. Id. However, whether the defendant's proof is sufficient to establish ineffective assistance is a question of law that we review independently. Id.
¶13 To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). If a defendant fails to make a sufficient showing on one prong of the Strickland test, we need not address the other. Id. at 697. In the present case, we need not address the first prong, whether Counihan's counsel performed deficiently, because Counihan has failed to establish prejudice.
¶14 Counihan cannot show that but for her attorney's alleged error, there is a reasonable probability that her sentence would have been different. See State v. Sholar , 2018 WI 53, ¶45, 381 Wis. 2d 560, 912 N.W.2d 89. The other Door County cases were just one of many sources of information the circuit court considered in determining Counihan's sentence. The court considered proper sentencing factors, including Counihan's rehabilitative needs, the nature and gravity of her crime, and the public's protection. See State v. Gallion , 2004 WI 42, ¶¶17, 40, 270 Wis. 2d 535, 678 N.W.2d 197. It addressed each sentencing objective separately and thoroughly explained how the court weighed certain pieces of information in relation to each objective. The court also explained why it was rejecting the joint sentence recommendation for probation and why it believed a jail sentence, instead of probation, better accomplished its sentencing objectives. The record supports the circuit court's finding at the post-conviction hearing that if the Door County cases played any role in her sentence, the role was minimal.
¶15 Our conclusion is further confirmed by the circuit court's explicit statements at both Counihan's sentencing hearing and the Machner hearing. We may review a court's entire sentencing remarks, including those made at a post-conviction hearing, to ascertain the court's basis for the sentence it imposed. See State v. Alexander , 2015 WI 6, ¶¶30, 34-35, 360 Wis. 2d 292, 858 N.W.2d 662. At sentencing, the court made clear that "every single case is different," the Door County cases only "provided [it] guidance," and it was "not relying solely" on them. At the Machner hearing, the court reiterated that it "came to a conclusion independently" of the Door County cases.
¶16 In all, there is no reasonable probability that the circuit court would have imposed a different sentence had it not reviewed the Door County cases. Counihan has not shown how her sentence would have been different-i.e., no jail time-had she known about the cases ahead of time. Therefore, she has failed to demonstrate prejudice from her counsel's allegedly deficient performance, and the circuit court properly rejected her ineffective assistance of counsel claim.
¶17 Counihan argues that her counsel's failure to object prejudiced her defense because she "was deprived of a sentencing proceeding whose result is fair and reliable." She asserts that she could not both "ensure that she [was] sentenced upon accurate information" and have the opportunity to "rebut that information." We are not persuaded. The circuit court provided her with the case numbers of the other Door County cases it considered at sentencing. Counihan asserts that she should have been afforded the opportunity to "confirm the accuracy" of the information in the other Door County cases considered by the court. However, she fails to point to any information the court relied upon-involving the Door County cases or otherwise-that was inaccurate or in some way inapposite to the facts in her case after now having had an opportunity to review those cases. Armed with the Door County case numbers provided to her by the court, Counihan could have reviewed those cases and provided either the circuit court at her post-conviction motion hearing, or this court on appeal, with any inaccurate information she believed the circuit court relied upon at sentencing. Because of Counihan's inaction, her argument is speculative. Thus, Counihan fails to show she was prejudiced by her counsel's failure to object to the court's consideration of the sentencing information in the other Door County cases.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

See State v. Machner , 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

The circuit court also found that it did not inform Counihan of her right to seek post-conviction relief, as it is required to do under Wis. Stat. § 973.18. However, the court ultimately concluded that Counihan was not prejudiced by this oversight because Counihan signed a notice of her right to seek post-conviction relief, and because her counsel testified that he went over the form and her rights with her. Counihan does not pursue this issue on appeal, and we will not further address it.