HRUZ, J.[1]
¶1 Kimberly Thomas appeals a judgment of conviction for one count of misdemeanor bail jumping and an order denying her motion for postconviction relief. Thomas argues that she received ineffective assistance from her trial counsel because her attorney was a necessary witness to her bail jumping charge and therefore should have withdrawn from his representation of Thomas in this case. For that reason, she contends the circuit court erred when it denied her postconviction motion requesting a new trial. We affirm.
BACKGROUND
¶2 On March 7, 2016, Thomas missed a final pretrial conference in a separate criminal case. At that time, Thomas had been released on a signature bond that required her to appear at all court hearings. When the circuit court asked Thomas's public defender, Ryan Reid, where Thomas was, Reid explained that he recently took over the case and that Thomas had contacted him that morning. He stated: "She did call the office this morning stating that she had a job opportunity, and it started today and that she couldn't miss that job. I did inform her that she needs to be in court today." The State later charged Thomas with one count of misdemeanor bail jumping, contrary to WIS. STAT. § 946.49(1)(a), because of her missed March 7, 2016 court appearance. Thomas then had two separate cases pending against her, with Reid representing her in both of them.
¶3 Thomas's bail jumping charge proceeded to a bench trial. She primarily argued that the State could not prove beyond a reasonable doubt the third element of bail jumping-i.e., that she intentionally failed to appear.[2] The circuit court disagreed, found that Thomas's choice to attend work over court "goes to intent," and convicted her of misdemeanor bail jumping.
¶4 Following the bench trial, Thomas retained new counsel and moved for postconviction relief. She argued that Reid deprived her of effective assistance of counsel in her bail jumping case. As grounds, she asserted that Reid performed deficiently by not "acting in a manner consistent with prevailing professional norms [to] bolster[ ] [Thomas's] situation to the [c]ourt and [by not taking] some blame for the lack of communication when newly appointed."
¶5 The circuit court held a Machner[3] hearing. At the hearing, Reid testified that he did not have contact with Thomas prior to the March 7 final pretrial conference. When then asked if Reid recalled "receiving messages from the secretary of the State Public Defender's office that Miss Thomas was trying to get in contact [with him]," he responded that he believed that was correct, although he could not remember the exact reason Thomas gave for being unavailable. Reid was further asked whether he believed he was "a fact witness to [Thomas's] bail jumping." In response, Reid stated:
I guess it depends on how you look at both files in concert with each other or how you look at bail jumping itself. My understanding was that she was - she had knowledge of the hearing. If I told the [c]ourt that I had information that day that she had a job opportunity, I don't necessarily think I made myself a fact witness.
¶6 At the close of the hearing, the circuit court permitted Thomas to submit supplemental briefing. In her brief, Thomas conceded that she had no legal authority to support her argument that Reid was obligated "to take [the] blame for [her] missing court." However, Thomas also asserted a new argument. She contended that Reid performed deficiently by failing to withdraw as Thomas's counsel because he was "a necessary witness to the bail jumping." She asserted Reid "should have withdrawn as soon as he realized both [of Thomas's] cases ... were going forward with trial."
¶7 The circuit court denied Thomas's postconviction motion. In its oral ruling, the court concluded that Thomas had failed to prove both the deficiency and prejudice prongs of her ineffective assistance claim. The court explained:
No one in this case ... suggests that Mr. Reid came into court and said, Judge, I told her not to come. He never indicated that, nor does Ms. Thomas allege that he told her not to come. In fact, the best case for Ms. Thomas is that she never got a hold of Mr. Reid .... If his statements to the court ... are that he had [a] conversation with her and told her to come to court, if those are indeed completely accurate, then not only did she have contact with him, but she knew she needed to be in court.
The best case for her is that she never got through to him in which case the only information she had was that [the court] gave her a court date the last time she had been in court and that [the court] told her she needed to be here, that she got the court date and was never advised by anybody not to show up.
....
[The court is] not satisfied that [Reid's] decision to [withdraw] or [not withdraw] would have made any difference at all because the fact is she either got through to him and he said show up, or she never got a hold of him in which case she knew she needed to show up. So all of her decisions were her own.
[The court is] satisfied Mr. Reid's decision to withdraw or not withdraw had no impact on this case.
Thomas now appeals her conviction and the court's denial of her motion for postconviction relief.
DISCUSSION
¶8 The only issue Thomas raises on appeal is whether Reid provided ineffective assistance of counsel. She asserts Reid rendered ineffective assistance by failing to withdraw as her trial counsel when he became a necessary fact witness to her bail jumping defense. Whether an attorney rendered ineffective assistance is a mixed question of fact and law. State v. Nielsen , 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325. We will uphold the circuit court's findings of fact unless they are clearly erroneous. Id. However, whether the defendant's proof is sufficient to establish ineffective assistance is a question of law that we review independently. Id.
¶9 A criminal defendant is guaranteed the right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. State v. Balliette , 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). On appeal, Thomas primarily argues Reid performed deficiently. However, we need not address whether Reid performed deficiently because we conclude that Thomas has failed to demonstrate how Reid's decision not to withdraw as her trial counsel prejudiced her. When a defendant fails to make a sufficient showing on one prong of the Strickland test, we need not address the other. Id. at 697.
¶10 To demonstrate prejudice, a defendant must establish a reasonable probability exists that the outcome of the proceedings would have been different in his or her favor had the alleged error not occurred. State v. Sholar , 2018 WI 53 ¶46, 381 Wis. 2d 560, 912 N.W.2d 89. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. , ¶33 (citation omitted). "A lack of confidence arises when counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Bell , 2018 WI 28, ¶62, 380 Wis. 2d 616, 909 N.W.2d 750 (citations omitted). Additionally, "[s]peculation about what the result of the proceeding might have been is insufficient." State v. Morales-Pedrosa , 2016 WI App 38, ¶17, 369 Wis. 2d 75, 879 N.W.2d 772.
¶11 Thomas cannot demonstrate that her defense against the bail jumping charge was prejudiced because any testimony Reid could have provided-had he withdrawn from representing Thomas-would have been inconsequential to the State's case. The State was required to prove beyond a reasonable doubt that Thomas intentionally failed to comply with her signature bond's conditions, which required her appearance for every court hearing. See WIS. STAT. § 946.49(1)(a) ; WIS JI-CRIMINAL 1795. " 'Intentionally' means that the actor either has a purpose to do the thing or cause the result specified, or is aware that his or her conduct is practically certain to cause that result." WIS. STAT. § 939.23(3).
¶12 To satisfy the intent element at trial, the State elicited testimony from the chief deputy of the Brown County Clerk of Courts. The witness testified that Thomas was present in court when the March 7 final pretrial was scheduled, meaning that Thomas had first-hand knowledge of the upcoming, required court hearing. Further, there was no evidence that Reid, the public defender's office, or any other individual informed Thomas that her court appearance was not required on March 7. Thomas also never asserts that she misunderstood the terms of her bond. Thomas's knowing her bond requirements and the final pretrial date alone demonstrates intent-namely, that she was aware her failure to appear would cause noncompliance with her bond condition. See WIS. STAT. § 939.23(3). Consequently, the State carried its burden without any reliance on purported communication between Thomas and either Reid or the public defender's office on or before March 7. Thomas therefore cannot show how Reid's failure to withdraw and testify prejudiced her bail jumping defense.
¶13 Thomas's appellate argument regarding the prejudice prong of her ineffective assistance of counsel claim is quite thin. She merely states her defense was prejudiced because her communication with Reid on March 7 "should have been explored ...." She then asserts that had she been represented by another attorney, "Reid likely would have been called as a witness[,] creating a much different outcome at trial," as he could have "explain[ed] what exactly occurred" "on the day of the missed court hearing."
¶14 Thomas's argument is flawed for at least two reasons. First, it is entirely undeveloped and speculative. We will not abandon our neutrality to develop an argument on Thomas's behalf. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Moreover, mere speculation about what the result of her trial might have been is insufficient to establish prejudice. See Morales-Pedrosa , 369 Wis. 2d 75, ¶17. Thomas has the burden to demonstrate beyond mere speculation that a reasonable probability exists that any testimony Reid could have provided would have changed her trial's outcome. Beyond claiming that Reid could have offered such testimony, Thomas has neither explained what he could have said nor demonstrated how such testimony would have affected her trial. Thomas has therefore failed to show how Reid's unknown testimony overcomes the uncontroverted evidence that she knew of the March 7 final pretrial conference and knew that her bond required her attendance at that hearing.
¶15 Second, Thomas already had an opportunity at her Machner evidentiary hearing to further develop her argument that Reid's inability to testify prejudiced her trial. The hearing's very purpose is to "evaluate counsel's effectiveness, which includes counsel's testimony to explain his or her handling of the case." Balliette , 336 Wis. 2d 358, ¶31. In other words, "[t]he evidentiary hearing is not a fishing expedition to discover ineffective assistance; it is a forum to prove ineffective assistance." Id. , ¶68. During the Machner hearing, Thomas failed to create any record showing how Reid might have testified during her trial on the bail jumping charges, nor did she elicit any testimony that would have been probative of her intent not to appear at the March 7 hearing. In all, we are unpersuaded by Thomas's argument that she was prejudiced by being unable to elicit testimony from Reid.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Misdemeanor bail jumping has three elements. The State must prove that a defendant: (1) was charged with a misdemeanor; (2) was released from custody on bond; and (3) intentionally failed to comply with the bond's terms. See Wis. Stat. § 946.49(1)(a) ; Wis JI-Criminal 1795.

See State v. Machner , 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).