COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP84-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF132

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JUSTIN L. DOUGLAS,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Outagamie County: JOHN A. DES JARDINS, Judge. *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

        ¶1    PER CURIAM.   Justin Douglas appeals a judgment, entered upon a jury's verdict, convicting him of two counts of first-degree sexual assault of a

child; four counts of sexual exploitation of a child; two counts of possession of child pornography; and eight counts of felony bail jumping, with all sixteen counts as a habitual criminal. Douglas also appeals the order denying his postconviction motion for a new trial. Douglas argues that his trial counsel was ineffective in pursuing a motion to suppress evidence obtained from a cell phone. We reject Douglas's arguments and affirm the judgment and order.

## BACKGROUND

¶2 On January 27, 2015, Carole[1] brought her then three-year-old daughter, Nancy, to the hospital because she suspected Nancy had been sexually assaulted. Carole told a responding officer that Douglas, a friend of her boyfriend, had been left alone with Nancy for two hours on the afternoon of January 22. At that time, Douglas stood charged with burglary and felony theft, and he had been released on a $5,000 signature bond. Additionally, Douglas, who was a registered sex offender, was on extended supervision resulting from his 2012 conviction for a felony sex offender registration violation.

¶3 On January 28, 2015, Carole asked police to collect a cell phone from her apartment that she believed belonged to Douglas. At the request of Douglas's probation agent, Chelsea Niemuth, law enforcement accessed the contents of the cell phone without using a passcode. Among the contents of the cell phone were videos Douglas took of himself touching Nancy's vagina and performing oral sex on her. After he was charged with the instant offenses, Douglas moved to suppress the contents of the cell phone, arguing that the phone

---

[1] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2019-20), we refer to the child victim and her mother by pseudonyms.

was unlawfully seized. The circuit court denied the motion after a hearing, and the matter proceeded to trial.

¶4 A jury found Douglas guilty of all sixteen charged offenses, rejecting his defense of not guilty by reason of mental disease or defect. The circuit court imposed consecutive and concurrent sentences resulting in an aggregate eighty-year term, consisting of fifty years' initial confinement and thirty years' extended supervision. Douglas's postconviction motion for a new trial was denied after a *Machner*[2] hearing, and this appeal follows.

## DISCUSSION

¶5 Douglas argues he is entitled to a new trial because his trial counsel was ineffective at the suppression motion hearing. Appellate review of an ineffective assistance claim presents a mixed question of fact and law. *State v. McDowell*, 2004 WI 70, ¶31, 272 Wis. 2d 488, 681 N.W.2d 500. Courts will not disturb the circuit court's findings of fact unless they are clearly erroneous, but determining whether counsel's performance falls below the constitutional minimum presents a question of law that is reviewed independently. *Id.*

¶6 To substantiate a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's errors were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one. *See id.* at 697.

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶7    To establish deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  A defendant proves prejudice by demonstrating there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  However, "a defendant need not prove the outcome would 'more likely than not' be different in order to establish prejudice in ineffective assistance cases." *State v. Sholar*, 2018 WI 53, ¶44, 381 Wis. 2d 560, 912 N.W.2d 89 (citing *Strickland*, 466 U.S. at 693).

¶8    At the outset of the suppression motion hearing, defense counsel informed the circuit court that he had filed a motion to withdraw as counsel, stating that before they went on the record, Douglas "would not engage in conversation with me or even acknowledge my presence."  Noting that the matter had been scheduled for a suppression motion hearing and that Douglas was present, the court took the withdrawal motion under advisement and the hearing proceeded.

¶9    An Appleton police officer testified that upon Carole's request, he was dispatched to retrieve what Carole believed to be Douglas's cell phone; he secured the phone in an evidence locker; and he informed the investigating officer, Matthew Kuether, of its existence.  Kuether, who handled sensitive crime investigations, then notified Douglas's probation agent Chelsea Niemuth that law enforcement had a phone purportedly belonging to Douglas.  Kuether explained that in his dual capacity as the department's sex offender registry specialist, he had

recently met with Douglas and, during that meeting, Douglas had denied having a phone. Kuether further explained that based on recent contact with Niemuth, he was aware that Douglas had likewise told her that he did not have a cell phone.

¶10 Niemuth confirmed that Douglas had denied having a cell phone, so when she learned there was a phone possibly belonging to him, Niemuth sought to examine its contents "because of [her] supervision" of Douglas. Niemuth asked Douglas for the passcode to the phone, but he did not provide a passcode. In subsequent calls Douglas made to friends using a jail phone while in custody, he denied ownership of any phone. Niemuth asked law enforcement to help her access the contents of the cell phone, and with police assistance, she was able to review the contents, including the inculpatory videos leading to the present charges.

¶11 Relevant to this appeal, the prosecutor asked defense counsel at the hearing whether Douglas's position was "going to be that this was the defendant's phone or that it was not his phone." Defense counsel responded: "I don't know … I know according to the reports, … basically he denied that it was his phone … admitted that he used it sometimes. And that was part of the reason he couldn't give a passcode because it wasn't his phone." Douglas, who was present for the motion hearing, interjected nothing to dispute his counsel's statements, despite his various other interruptions during the hearing. The circuit court denied the suppression motion, concluding that Douglas lacked standing to challenge the seizure of the cell phone because he denied owning the phone.

¶12 In his postconviction motion, and again on appeal, Douglas argues that his trial counsel was ineffective at the suppression motion hearing by failing to represent to the court that Douglas owned the cell phone. Douglas also claims

that successor counsel was ineffective by failing to re-file the suppression motion, given previous counsel's "mistake" regarding the phone's ownership.

¶13 Even if we assume without deciding that Douglas's attorneys performed deficiently as alleged, Douglas fails to establish that these claimed deficiencies were prejudicial. Both the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution guarantee that persons shall be free from unreasonable searches and seizures. Generally, seizures are considered "less intrusive than searches, based on the type of rights infringed: [a] seizure affects only the person's possessory interests; a search affects a person's privacy interests." *State v. Brereton*, 2013 WI 17, ¶23, 345 Wis. 2d 563, 826 N.W.2d 369 (citation omitted). Further, as relevant here, "[p]robationers are entitled to a certain degree of constitutional protection under the Fourth Amendment, but their rights against warrantless searches and seizures are significantly curtailed." *State v. Purtell*, 2014 WI 101, ¶22, 358 Wis. 2d 212, 851 N.W.2d 417.

¶14 In the present case, law enforcement did not seize the cell phone from Douglas—rather, they secured a cell phone of undetermined ownership that had been voluntarily provided by a third party. In asking the police to collect the cell phone from her residence, Carole expressed her belief that it belonged to Douglas. However, as noted above, Douglas repeatedly and consistently denied ownership of a phone, and he again denied ownership when given the opportunity to claim the subject cell phone. Therefore, even if the phone belonged to Douglas, his repeated denials reasonably support the conclusion he abandoned any claim to ownership. "Warrantless seizure of property whose owner has abandoned it or requested another to destroy or get rid of it does not violate the [F]ourth

[A]mendment." ***State v. Bauer***, 127 Wis. 2d 401, 407, 379 N.W2d 895 (Ct. App. 1985).

¶15 Furthermore, even if we could somehow assume the cell phone belonged to Douglas and that it was unlawfully seized, the phone videos were nevertheless admissible at trial as the result of a valid probation search. Warrantless searches are presumed to be unreasonable unless an exception to the warrant requirement exists. *See* ***State v. Tullberg***, 2014 WI 134, ¶30, 359 Wis. 2d 421, 857 N.W.2d 120. One such exception to the warrant requirement is a probation search. ***State v. Hajicek***, 2001 WI 3, ¶36, 240 Wis. 2d 349, 620 N.W.2d 781. When a person is on probation, "the special needs of Wisconsin's probation system make the warrant requirement impracticable and justify replacement of the standard of probable cause by 'reasonable grounds.'" ***Griffin v. Wisconsin***, 483 U.S. 868, 876 (1987). The reasonable grounds standard is found in Wisconsin's administrative code, which provides that a Department of Corrections ("DOC") agent may search an offender's property at any time if reasonable grounds exist to believe that the property contains evidence of a rule violation. *See* ***State v. Griffin***, 131 Wis. 2d 41, 61, 388 N.W.2d 535 (1986), *aff'd*, 483 U.S. 868 (1987); WIS. ADMIN. CODE § DOC 328.22(1), (2)(a) (Oct. 2019).

¶16 Douglas argues that because he challenged only the seizure of the cell phone and not the resulting probation search, "the analysis should end there." A reasonable probation search, however, "is lawful even if the probation officer relies, in part, on information from law enforcement officials in violation of the Fourth Amendment." ***State v. Wheat***, 2002 WI App 153, ¶29, 256 Wis. 2d 270, 647 N.W.2d 441.

¶17    Here, Niemuth sought access to the cell phone contents in relation to her supervision of Douglas. The DOC's standard rules of community supervision require true, accurate, and complete information in response to a DOC agent's questions. *See Standard Rules of Community Supervision*, State of Wis. DOC,[3] Because Douglas denied owning a cell phone when questioned by Niemuth despite there being bases to believe it was his, there were reasonable grounds for Niemuth to believe the phone contained evidence of a rule violation. Therefore, the contents of the phone were discovered as the result of a valid probation search.

¶18    As discussed above, the cell phone was not unlawfully seized, and even assuming it had been, the probation search of the phone was nevertheless valid. Therefore, Douglas cannot prove he was prejudiced by counsel's claimed deficiencies, and the circuit court properly denied his postconviction motion based upon his ineffective assistance of counsel claim.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

---

[3] This court may take judicial notice of publicly available government documents. *See, e.g.*, **State v. Wachsmuth**, 73 Wis. 2d 318, 331-32, 243 N.W.2d 410 (1976). The Standard Rules of Community Supervision may be found at: https://doc.wi.gov/Pages/AboutDOC/Community Corrections/SupervisionRules.aspx.