STATE, Plaintiff-Respondent, v. MACHNER, Defendant-Appellant.†

Court of Appeals

*No. 79–257–CR. Submitted on briefs August 29, 1979.— Decided October 12, 1979.*
(Also reported in 285 N.W.2d 905.)

---

† Petition to review denied.

For the appellant, the cause was submitted on the briefs of *Hausmann, McNally & Hupy* and *Michael F. Hupy* of Milwaukee.

For the respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, with whom on the brief was *David J. Becker,* assistant attorney general.

Before Decker, C. J., Moser, P. J., and Cannon, J.

CANNON, J. On January 6, 1978, at approximately 10 p. m., the complaining witness in this case was walking west on Wisconsin Avenue, when defendant approached her and asked if she wanted a ride. The woman refused the ride, but the defendant continued to follow her in his vehicle. After two more offers to give her a ride, the defendant suddenly stopped, picked the victim up

against her will, and threw her into the vehicle. The defendant then committed two acts of sexual assault.

The victim was able to see the license plate, and memorize the number as well as the make of the vehicle. She communicated this information along with a description of her assailant to the police. A short time after the assault, she positively identified the defendant from a photographic array.

Defendant was charged with two counts of second-degree sexual assault contrary to sec. 940.225 (2) (a), Stats. A trial was had to a jury on July 25, 1978, and defendant was found guilty of both counts.

At trial, the state introduced the above-mentioned evidence in addition to strong physical evidence linking the defendant to the assault. Witnesses also testified to seeing the defendant's vehicle following the victim.

The defendant testified that he was not in the area of the sexual assault between 9 p. m. and 12 midnight on January 6, 1978. He claimed, however, that he had given the victim a ride while she was hitchhiking at 1 a. m. on January 6. The defendant claimed that at this time, approximately 22 hours before the assault, he refused to drive the victim to her destination. Defendant further stated that as the victim left his vehicle, she called him an obscene name.

At trial, the victim denied hitchhiking in the early morning hours of January 6, 1978. She stated that she was at work from 12 midnight until 8 a. m. on that date.

Defendant retained a new attorney after the trial. Upon additional investigation, postconviction counsel determined that the victim had not been at work on the night of the alleged hitchhiking incident as she had testified.

On motions after verdict, defendant moved the court for an order to set aside the verdict and judgment of conviction, and to dismiss the action. The motion was based on the ground that defendant was denied effective assistance of counsel at trial in violation of the sixth

and fourteenth amendments to the United States Constitution. The specific allegations incorporated in the motion were that trial counsel failed to investigate whether the victim was at work at the time she claimed she was, failed to call a material witness, failed to adequately cross-examine witnesses, failed to order a transcript of the closing arguments, failed to file notice of alibi, and further failed to object when defendant was asked if he had ever been convicted of a crime. Defendant also moved for a new trial in the interests of justice on the basis of newly discovered evidence, *i.e.*, that the complaining witness was not at work as she testified.

The trial court heard testimony on the motions and the parties submitted briefs. The trial court in a written memorandum subsequently denied the motions because of "the unusually strong evidence against the defendant establishing the charges against him." The trial court concluded that:

The body of this opinion indicates that the Court is of the view that there is no basis for a new trial. The case against the defendant assuming all the alleged defects in trial counsel's handling of the case were corrected remains so exceedingly strong and persuasive that a new trial could not reasonably produce a different result.

Defendant appeals from the order denying his motions and from the judgment of conviction. On appeal he raises essentially the same issues raised in the post-conviction motions. The issues will be considered seriatim as set out by the defendant.

I. *Was defendant denied effective assistance of counsel?*

Defendant's principal contention here is that the failure of trial counsel to investigate the alleged hitchhiking incident was evidence of incompetence. Defendant maintains that he told trial counsel of the incident after the preliminary hearing where he claims he first recognized

the victim as being the woman he had picked up at approximately 1 a. m. on January 6, 1978. Presumably, the importance of this incident is that it relates to the motive for accusing the defendant, the subsequent identification of the defendant, and the general credibility of the complaining witness.

Our supreme court, in *State v. Harper*, 57 Wis.2d 543, 556–7, 205 N.W.2d 1, 9 (1973), set out the test of competence of counsel:

> In considering alleged incompetency of counsel, one should not by hindsight reconstruct the ideal defense. The test of effectiveness is much broader and an accused is not entitled to the ideal, perfect defense or the best defense but only to one which under all the facts gives him reasonably effective representation. . . .
> We think it is time for this court to restate a higher test for competency of counsel for the future. This court has always been most solicitous of the right of one accused of crime to be properly and adequately represented by counsel. Effective representation is not to be equated, as some accused believe, with a not-guilty verdict. But the representation must be equal to that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his services.

In this same case, the court adopted secs. 3.2 and 4.1 of the American Bar Association Project on Standards for Criminal Justice. *Standards Relating to the Prosecution Function and the Defense Function* (approved draft, 1971):

> "3.2 Interviewing the client.
> "(a) As soon as practicable the lawyer should seek to determine all relevant facts known to the accused. In so doing, the lawyer should probe for all legally relevant information without seeking to influence the direction of the client's responses."
> . . . .

"4.1 Duty to investigate.

"It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty."

The supreme court in *Harper, supra* at 557, 205 N.W. 2d at 9, noted, however, that the standards adopted were only "partial guidelines to the determination of effective representation; we do not hold that a violation thereof automatically determines incompetency or ineffectiveness of the representation." It is necessary, therefore, to consider all the circumstances surrounding an attorney's representation of a client.

In *State v. Simmons*, 57 Wis.2d 285, 297, 203 N.W.2d 887, 894–5 (1973), the Wisconsin Supreme Court noted that where appellate counsel questions the effectiveness of trial counsel, trial counsel must be notified and should be present at the hearing:

We think it inappropriate for counsel on appeal to attack the competency of trial counsel on an unsupported assumption that his conduct at trial was not the result of carefully reasoned professional judgment. When the competency of trial counsel is questioned, it is incumbent upon one who seeks to show that incompetency to give notice to trial counsel that his handling of a criminal matter is being questioned on post-trial or postconviction proceedings. We do not believe that the professional competence of a lawyer should be determined *ex parte* on the unsupported allegations of a disappointed defendant that another choice of strategy might have been preferable.

It should be noted in this case that, after searching the record, we find only one vague reference to the notifi-

cation of trial counsel regarding the motion hearing at which his professional actions were questioned.[1] The state in its brief refers to a copy of a letter in a footnote, although such letter was not made a part of the record on appeal. It is not clear whether trial counsel even appeared at the hearing. What is clear from the record is that trial counsel did not testify.

This court is of the opinion that where a counsel's conduct at trial is questioned, it is the duty and responsibility of subsequent counsel to go beyond mere notification and to require counsel's presence at the hearing in which his conduct is challenged. We hold that it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel. We cannot otherwise determine whether trial counsel's actions were the result of incompetence or deliberate trial strategies. In such situations, then, it is the better rule, and in the client's best interests, to require trial counsel to explain the reasons underlying his handling of a case.

In the instant case the record is devoid of any testimony from defendant's trial counsel regarding his conduct in the defense of his client. Such an offer of proof is necessary and, without more, we decline to find that the manner in which counsel defended the appellant was of such a nature as to cause us to find him incompetent.

---

[1] Now, under the new Appellate Code, Your Honor, a motion for a new trial or post-conviction motions are not mandatory in criminal cases or in civil cases except that when you bring a post-conviction motion in a criminal case attacking the competency of trial counsel you have to bring a motion after the trial pursuant to State v. Simmons, because you have to give the trial counsel an opportunity to appear at the motions after verdict.

That's what we've done in this case. We have scheduled today for the motions after verdict.

## II. Does the testimony on the part of the victim that she was at work when in reality she was not working require dismissal of the charges or a new trial?

Defendant characterizes this testimony as perjured. Yet it has never been proven that such testimony was made by the complaining witness with knowledge of its falsity. 60 Am. Jur. 2d *Perjury* §9 at 972 (1972). The victim had worked the 12 midnight to 8 a. m. shift, Sunday through Thursday, for approximately five years. The trial was held approximately six and one-half months after the assault. It is conceivable that the victim forgot that she was on vacation the night before the attack or that the emotional trauma of the trial itself contributed to her confusion about dates. Without more than defendant's conclusory statement, this court will not set aside the judgment of conviction or order a new trial. To do otherwise would be far too speculative.

## III. Is the defendant entitled to a new trial on the grounds of newly discovered evidence?

Finally, defendant requests, in the alternative, a new trial in the interests of justice. This is based on the newly discovered evidence that the complaining witness was not at work when she said she was. The test for a new trial on the ground of newly discovered evidence was set out in *State v. Boyce*, 75 Wis.2d 452, 457, 249 N.W.2d 758, 760–1 (1977):

(1) The evidence must have come to the moving party's knowledge after a trial; (2) the moving party must not have been negligence in seeking to discover it; (3) the evidence must be material to the issue; (4) the

testimony must not be merely cumulative to the testimony which was introduced at trial; and (5) it must be reasonably probable that a different result would be reached on a new trial. *Sheehan v. State,* 65 Wis.2d 757, 768, 223 N.W.2d 600, 606 (1974) ; *State v. Herfel,* 49 Wis.2d 513, 521–22, 182 N.W.2d 232, 237 (1971).

Such a motion is addressed to the sound discretion of the court, and the trial court will be reversed on appeal only for an abuse of this discretion. *State v. Boyce* at 457, 249 N.W.2d at 760.

This court is of the opinion that the newly discovered evidence offered does not meet all of the above requirements. Defendant admits that the second element is lacking. We are also not convinced that the evidence is material to the issue of whether the defendant committed the sexual assaults. At most, the evidence would tend to impeach the credibility of the witness. Our supreme court has held that "[e]vidence which merely impeaches the credibility of a witness does not warrant a new trial on this ground alone." *Greer v. State,* 40 Wis.2d 72, 78, 161 N.W.2d 255, 258 (1968). Finally, in light of the evidence introduced at trial, we cannot hold that it is reasonably probable that a different result would be reached on a new trial. We hold that the trial court did not abuse its discretion.

The standard for a new trial in the interest of justice was set out in *Garcia v. State,* 73 Wis.2d 651, 654, 245 N.W.2d 654, 655–6 (1976) : "[A] new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result."

The judgment of the trial court is affirmed.

*By the Court.*—Order and judgment affirmed.