State of Wisconsin, Plaintiff-Respondent,
v.
Vance J. Yerke, Defendant-Appellant.
No. 03-2472-CR.
Court of Appeals of Wisconsin.
Opinion Filed: July 7, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1. PER CURIAM.
Vance Yerke appeals a judgment, entered upon a jury's verdict, convicting him of first-degree intentional homicide. Yerke also appeals the denial of his postconviction motion. Yerke argues that his trial counsel was ineffective for failing to both request an alibi jury instruction and object to an alibi witness testifying at trial in jail clothing. We reject Yerke's arguments and affirm the judgment and order.
¶2. In January 2002, the State charged Yerke with first-degree intentional homicide arising from the shooting death of Brian Walters. After a trial, Yerke was convicted upon the jury's verdict of the crime charged and sentenced to life imprisonment, with his first eligibility for extended supervision in November 2052. Following a Machner[1] hearing, the trial court denied Yerke's postconviction motion for a new trial. This appeal follows.
¶3. Yerke argues that his trial counsel was ineffective for failing to request an alibi jury instruction and for failing to object to an alibi witness testifying at trial in jail clothing. The test for ineffective assistance of counsel claims requires defendants to prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 690 (1984); State v. Johnson, 133 Wis. 2d 207, 216-17, 395 N.W.2d 176 (1986). To prove deficient performance, a defendant must show specific acts or omissions of counsel that were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. A defendant will fail if counsel's conduct was reasonable, given the facts of the particular case, viewed at the time of counsel's conduct. Id. We will "strongly presume" counsel to have rendered adequate assistance. Id.
¶4. To prove prejudice, a defendant must show that counsel's errors were so serious that the defendant was deprived of a fair trial and a reliable outcome. Id. at 687. In order to succeed, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If this court concludes that the defendant has not proven one prong, we need not address the other prong. Id. at 697. On appeal, the trial court's findings of fact will be upheld unless they are clearly erroneous. State v. Pitsch, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, whether the deficiency or the prejudice prong has been shown is a question of law that this court reviews independently. Id.
¶5. Here, the testimony of Yerke and three witnesses provided the alibi that Yerke was at his mother's house on the night of Walters' murder. Despite this testimony, defense counsel did not request nor did the trial court give an alibi jury instruction. Jury instructions, however, are to be considered as a whole. State v. Ivy, 115 Wis. 2d 645, 651, 341 N.W.2d 408 (Ct. App. 1983). If the instructions adequately cover the applicable law, a reviewing court will not find reversible error in an omitted instruction even if the omitted instruction itself would have been proper. State v. Amos, 153 Wis. 2d 257, 278, 450 N.W.2d 503 (Ct. App. 1989).
¶6. The standard jury instruction on alibi provides:
There is evidence in this case that at the time of the commission of the offense charged, the defendant was at a place other than that where the crime occurred.
It is not necessary for the defendant to establish that he was not present at the scene of the crime or that he was at some other place. The burden is upon the State to convince you beyond a reasonable doubt that the defendant committed the offense as charged.
Wis JI-Criminal 775 (1995). Although this instruction was not given, the jury was repeatedly told that the State had to prove Yerke's guilt beyond a reasonable doubt. It is obvious that if the jury believed Yerke was at his mother's house, as the defense contended, it would have to conclude he did not commit the crime. Thus, we conclude that Yerke was not prejudiced by counsel's failure to request an alibi instruction.
¶7. Yerke also argues counsel was ineffective for failing to object to an alibi witness testifying at trial in jail clothing because he believes it prejudiced the jury. We disagree. The witness, Kurt Matrius, testified at trial that he saw Yerke's car parked at Yerke's mother's house until at least midnight on the night of the murder. Matrius admitted, however, that he did not actually see Yerke at the house but, rather, believed he was there because Yerke's mother said he was in his bedroom. Regardless of what he wore at trial, Matrius was only one of three testifying alibi witnesses. Moreover, his testimony was not as critical as the other two alibi witnesses' because Matrius did not actually see Yerke at his mother's house.
¶8. Further, in view of the alibi testimony as a whole and evidence contradicting the alibi, there is no reasonable probability that the result of the trial would have been different if Matrius appeared in street clothes. The alibi evidence was substantially impeached by Yerke's own statements to police officers investigating the murder, as well as the testimony of his former girlfriend, Elizabeth Icard. Specifically, Icard testified that Yerke woke her on the night of the murder, told her he shot Walters and showed her a pistol.
¶9. In any event, Yerke bases his ineffective assistance of counsel claims on speculation as to what effect his counsel's alleged deficiencies had on the jury and has otherwise failed to establish prejudice in light of the overwhelming evidence of his guilt. We therefore affirm the judgment of conviction and order denying his motion for postconviction relief.
By the Court.Judgment and order affirmed.
NOTES
[1] See State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).