PER CURIAM.
¶1 Tracy Williams appeals from a judgment convicting him of second-degree sexual assault of a child under the age of sixteen and from an order denying his postconviction motion for plea withdrawal. Williams contends the circuit court erred by denying his plea withdrawal motion based upon what the court viewed to be a lack of required testimony from Williams' trial counsel rather than upon a determination as to the credibility of Williams' own testimony. We affirm based upon our independent review of the record.
BACKGROUND
¶2 The State initially charged Williams with repeated sexual assault of a child based on allegations that he had anal intercourse with a twelve-year-old girl on at least five occasions and also placed his tongue in the girl's vagina. Williams eventually entered a no-contest plea to a reduced charge of second-degree sexual assault of a child under the age of sixteen, with an agreement for a joint sentencing recommendation.
¶3 After the circuit court imposed a sentence including more than double the amount of time the parties had jointly recommended for initial incarceration, Williams moved to withdraw his plea. The plea withdrawal motion alleged that Williams' plea had not been knowingly and intelligently entered because Williams did not understand the elements of the original charge of repeated sexual assault of a child. Williams further asserted that had he understood the elements of the originally charged offense, he would have gone to trial.
¶4 At the plea withdrawal hearing, Williams testified he did not understand that the State would need to prove he had engaged in three or more acts of intercourse with the victim in order to obtain a conviction for repeated sexual assault of a child. Williams said he thought "repeated" meant "continual ... [l]ike constantly doing it or something." According to Williams, his knowing that "repeated" actually meant three or more qualifying acts would have affected his decision to go to trial because he believed his defense that the victim had not contracted his sexually transmitted infection (STI) would have been "stronger ... against the three than it was against the one." On cross-examination, Williams further testified that no one-including either of his two attorneys-had ever gone over the elements of repeated sexual assault of a child with him before he entered his plea. However, Williams acknowledged having seen the original Information, which contained a reference to "at least three" qualifying sexual acts.
¶5 Williams did not present any testimony from his trial counsel. Following the hearing, the State argued that Williams' failure to do so represented a failure to meet his "initial Machner burden." See State v. Machner , 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (requiring a defendant raising a claim of ineffective assistance of counsel to present his or her trial counsel's testimony at any hearing at which the defendant is challenging counsel's conduct). Williams responded that the Machner requirement that a defendant must present his or her trial counsel's testimony did not apply because Williams had not raised a claim of ineffective assistance of counsel. The circuit court then directed the parties to submit briefs on whether Williams had satisfied his evidentiary burden-including the question of whether the plea withdrawal hearing should be treated as akin to a Machner hearing, such that Williams was required to call his trial counsel to support his claim.
¶6 In an oral ruling, the circuit court stated it was "satisfied this is essentially a Machner -type case," notwithstanding Williams' contention that he was not raising a claim of ineffective assistance of counsel. The court pointed out that Williams was not asserting that he had misunderstood the elements of the originally charged offense because he lacked the cognitive ability to understand them or that he was not mentally competent at the time of the plea. Rather, Williams was asserting that counsel had never advised him of those elements. Thus, the court explained, "the key element here is whatever Mr. Williams' attorney may have told to him or not told to him regarding this plea."
¶7 Given Williams' testimony that his trial attorneys had failed to advise him of the elements of the originally charged offense, the circuit court observed that resolution of Williams' claim that his plea had been unknowingly entered "would depend on the Court's assessment of the credibility of the attorney versus the credibility of the defendant." The court noted it had "no way to assess that" without the testimony of Williams' trial counsel. The court explained that if trial counsel "comes in and testifies that he never advised the defendant of those prior elements, then the defendant's assertion that he didn't understand the plea may be more or less valid," whereas if trial counsel asserts that he had provided that information, "then the defendant was essentially being untruthful when he said [he] never heard about the elements of the original charge." The court further noted that it was "the obligation of the defense ... to bring in that attorney." Therefore, the court concluded, Williams had failed to meet his burden of proof.
¶8 The court then denied the plea withdrawal motion without explicitly addressing the credibility of Williams' purported reason for wanting to withdraw his plea or making any factual findings about Williams' actual understanding of the elements of the original charge or the events leading up to the plea. Williams now appeals.
DISCUSSION
¶9 On appeal, Williams challenges two aspects of the circuit court's decision under a unified assertion that the court erred in denying his plea withdrawal motion. First, Williams contends the court erred as a matter of law by treating his claim that his plea was unknowingly entered as if it were a claim of ineffective assistance of counsel requiring counsel's testimony. Second, Williams contends the court erroneously exercised its discretion by failing to make a credibility determination as to Williams' own testimony.
¶10 In response, the State acknowledges "the circuit court determined that Williams was actually making an ineffective assistance of counsel claim." The State seems to argue that it was appropriate for the circuit court to do so because Williams' testimony that counsel had not informed him about the elements of the charged offense was a necessary factual premise for Williams' claim that he did not knowingly enter his plea. However, the State then asserts the court's determination that Williams had not met his burden of proof was not based "simply" on Williams' failure to call his trial counsel, but also on the inadequacy of Williams' own testimony-which the State deems "self-serving" and "inherently incredible." This argument implies the court made an implicit credibility determination when it concluded Williams had failed to meet his burden of proof.
¶11 We need not resolve any ambiguity as to whether the circuit court denied Williams' motion based solely upon his failure to produce testimony from counsel or whether it also made an inherent credibility determination. Rather, based upon our own independent review as authorized by McCleary v. State , 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971), we determine that the record shows a reasonable basis to support the circuit court's denial of the plea withdrawal motion.
¶12 First, Williams acknowledged at the plea withdrawal hearing that he had seen the Information prior to entering his plea. Williams had previously told the court at the plea hearing it could rely on the complaint-which counsel advised the court at the initial appearance that Williams had read and understood-as providing a sufficient factual basis for the plea. Both the complaint and the Information expressly stated that Williams was charged with a Class B felony punishable by a term of conviction not to exceed sixty years for "repeated sexual assaults involving the same child ... where at least three of the assaults were violations of sec. 948.02(1)(am), (b) or (c) Wis. Stats., contrary to sec. 948.025(1)(b) Wis. Stats." Williams did not provide any explanation as to what he thought these references in the charging documents to three qualifying sexual assaults meant, if they were not something that the State needed to prove.
¶13 Next, Williams' testimony that he thought "repeated" meant "continual" does not provide a rational explanation for why he would have gone to trial if he had properly understood the elements. Williams testified his defense at trial would have been that it was unlikely that he could have had intercourse with the victim three times without giving her an STI he had during the time period for the charged offense. Yet, having continual sexual contact with the victim throughout the time period would have been just as likely, if not more so, to result in the transmission of an STI to the victim. In short, we agree with the State that Williams' purported misunderstanding is ridiculous.
¶14 Finally, we note that the plea agreement reduced Williams' potential prison exposure by twenty years, and the parties' joint recommendation for only two years of initial confinement and four years of extended supervision was extremely favorable to Williams. Again, Williams' purported misunderstanding that the State would need to prove he had continual sexual contact with the victim, rather than three specific instances of sexual intercourse, provides no rational explanation for his claim that he would have gone to trial, given the strong incentive to accept the deal. We therefore conclude the record support's the circuit court's denial of Williams' plea withdrawal motion.
By the Court.- Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).