# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1880-CR**

Cir. Ct. No. **2007CF74**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CESAR RIVERA,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Calumet County: ANGELA W. SUTKIEWICZ, Judge. *Affirmed.*

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Cesar Rivera appeals from a judgment convicting him of a sex offender registry violation and from an order denying his postconviction motion seeking plea withdrawal and alleging ineffective assistance of trial counsel.  We reject Rivera's challenges to his no contest plea and affirm.

¶2    The procedural history of this matter is involved, but it is necessary to resolve the appellate issues.  As stated, Rivera appeals from a sex offender registry violation.  Rivera's registry requirement was imposed in a 2005 case in which Rivera was convicted of third-degree sexual assault (the 2005 case).  In February 2007, after he was sentenced in the 2005 case, Rivera signed "Sex Offender Registration Form 1759."  One month later, Rivera was detained and taken into custody to await deportation.  Before he was deported in March 2007, Rivera received a letter warning him that he needed to continue complying with sex offender registry requirements after deportation.  After he was deported, Rivera did not report his whereabouts to the Sex Offender Registration Program.  Therefore, he was charged in the case before us with a sex offender registry violation (the 2007 case).

¶3    In October 2016, Rivera returned to custody in Wisconsin.  At that time, Rivera faced the sex offender registry violation charged in the 2007 case and sentencing after revocation in the 2005 case.

¶4    In 2017, before he resolved the 2007 case, Rivera filed a WIS. STAT. § 974.06 (2017-18)[1] motion in the 2005 case seeking to withdraw his no contest plea to third-degree sexual assault.  He argued that his trial counsel was ineffective

_____

[1] All references to WIS. STAT. § 974.06 are to the 2017-18 version.

because counsel did not advise him that he would have to register as a sex offender, the circuit court told him at sentencing that he did not have to register as a sex offender, and he would not have entered a plea had he known of the registration requirement.

¶5    While his WIS. STAT. § 974.06 motion was pending in the 2005 case, Rivera had a preliminary examination in the 2007 registry violation case. During that hearing, a Department of Corrections' representative testified that the department notified Rivera in February 2007 that he needed to comply with registry requirements arising from his 2005 conviction even if he was later deported. Rivera signed the form setting out the registration requirements, but he did not meet those requirements after he was deported. The circuit court bound Rivera over for trial in the 2007 registry violation case.

¶6    After he was bound over in the 2007 registry violation case, Rivera's WIS. STAT. § 974.06 motion in the 2005 case was heard. Although Rivera testified, he did not present trial counsel's testimony in support of his ineffective assistance of counsel claim.[2] Rivera testified that he was not advised in the 2005 case that a no contest plea would subject him to registry requirements, trial counsel explicitly told him he would not be subject to that requirement, and had he understood the registration requirement, he would not have entered a no contest plea. However, on cross-examination, Rivera conceded that he first learned of the registry requirement shortly after sentencing in the 2005 case during an interaction with his probation agent. The presentence investigation report stated in bold

---

[2] Trial counsel's testimony is necessary to support an ineffective assistance of counsel claim. *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct App 1979).

3

letters that Rivera would be required to register. Rivera did not remember reviewing the presentence investigation report with his trial counsel even though he told the circuit court at sentencing that he had reviewed the report with his counsel.

¶7     The circuit court denied Rivera's WIS. STAT. § 974.06 motion after finding that Rivera's testimony was "self-serving" and not credible. The court found that Rivera likely reviewed the presentence investigation report with his counsel, and while Rivera and counsel likely discussed asking the circuit court not to require registration, the obvious statement about the registration requirement in the presentence investigation report should have led Rivera to seek plea withdrawal before he was sentenced in the 2005 case. The court then imposed a sentence after revocation in the 2005 case.

¶8     After he lost his WIS. STAT. § 974.06 motion in the 2005 case, Rivera pled no contest to the 2007 registry violation charge. After sentencing in the 2007 case, Rivera moved to withdraw his no contest plea in that case due to a deficient plea colloquy and ineffective assistance of trial counsel for failing to advise him that he had a viable defense to the registry violation. After an evidentiary hearing at which trial counsel and Rivera testified, the circuit court again found that Rivera's testimony was "very self-serving" and "not believable." In contrast, trial counsel was "very believable, [and] very credible." The court concluded that the plea colloquy was sufficient, and Rivera did not establish that his trial counsel performed deficiently. Rivera appeals in the 2007 case.

¶9     A plea stands "unless the defendant establishes by clear and convincing evidence that failure to withdraw the … plea will result in a manifest injustice." *State v. Taylor*, 2013 WI 34, ¶48, 347 Wis. 2d 30, 829 N.W.2d 482.

Whether to grant a postsentencing plea withdrawal motion in the presence of a manifest injustice is within the circuit court's discretion. ***Id.***

¶10 Rivera argues that the plea colloquy in the 2007 case was insufficient and therefore his no contest plea was not knowingly, intelligently, and voluntarily entered, a ***Bangert***[3] claim. ***State v. Hoppe***, 2009 WI 41, ¶3, 317 Wis. 2d 161, 765 N.W.2d 794. A defendant seeking to withdraw a plea must "make a prima facie showing" of a defect in the plea colloquy and "that the defendant did not know or understand the information that should have been provided at the plea hearing." ***State v. Brown***, 2006 WI 100, ¶39, 293 Wis. 2d 594, 716 N.W.2d 906. If the defendant makes this showing, the burden shifts to the State, which may use the totality of the evidence in the record, to prove by clear and convincing evidence that the defendant made a knowing, intelligent, and voluntary plea. *See **id.***, ¶40. We accept the circuit court's findings of fact unless they are clearly erroneous. ***Id.***, ¶19. We independently determine if the findings show that Rivera's plea was infirm. *See **id.***

¶11 As an additional ground for plea withdrawal, Rivera alleges ineffective assistance of trial counsel, a ***Nelson/Bentley*** claim. *See **Hoppe***, 317 Wis. 2d 161, ¶3. The same "manifest injustice" test applies, ***State v. Negrete***, 2012 WI 92, ¶16, 343 Wis. 2d 1, 819 N.W.2d 749, and ineffective assistance of counsel can satisfy the manifest injustice test, ***State v. Hudson***, 2013 WI App 120, ¶11, 351 Wis. 2d 73, 839 N.W.2d 147.

---

[3] ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

¶12   To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694.   Both deficient performance and prejudice present mixed questions of fact and law. *Id.*   We will uphold the circuit court's factual findings unless they are clearly erroneous. *Id.*   However, we review de novo whether counsel's performance was deficient or prejudicial. *Id.*   In the absence of deficient performance, we need not consider whether trial counsel's performance was prejudicial. *See State v. Moats*, 156 Wis. 2d 74, 101, 457 N.W.2d 299 (1990).

¶13   We first consider Rivera's *Bangert* claim challenging the adequacy of the plea colloquy and the information conveyed to him during the colloquy. Regarding the elements of the offense, Rivera's plea questionnaire describes the elements as "[k]nowingly fail to comply with the requirements of the sex offender registry," language that echoes the applicable statute, WIS. STAT. § 301.45(6)(a) (2007-08).[4]   During the plea colloquy, Rivera confirmed for the circuit court that he completed the questionnaire with his lawyer, he reads, writes, and understands English, and he has a high school education.   The circuit court directed Rivera's attention to the constitutional rights on the questionnaire and found that Rivera reviewed the elements of the crime with counsel.   Rivera stated that he had no questions.   The court found a factual basis for the plea in the complaint and accepted Rivera's no contest plea.   Postconviction, the court found that at the time he entered his no contest plea, Rivera demonstrated his understanding of the

---

[4] WISCONSIN STAT. § 301.45(6)(a) (2007-08) provides:   "[w]hoever knowingly fails to comply with any requirement to provide information under [subsecs.] (2) to (4) is" guilty of a Class H felony.   All references to this statute are to the 2007-08 version.

necessary information. We agree that the plea colloquy was not defective. *See State v. Pegeese*, 2019 WI 60, ¶¶37, 40-41, 387 Wis. 2d 119, 928 N.W.2d 590 (similar colloquy regarding the constitutional rights waived by a plea deemed adequate).

¶14 Although the burden need not have shifted to the State to demonstrate the validity of Rivera's plea, the circuit court nevertheless found that under the totality of the evidence, the State demonstrated that Rivera entered a knowing, voluntary, and intelligent plea. *See Brown*, 293 Wis. 2d 594, ¶40. At the postconviction motion hearing, the circuit court made the following findings. Rivera's testimony was "very self-serving and quite frankly not believable."[5] In contrast, trial counsel's detailed testimony was "very believable, very credible."[6] Counsel met with Rivera and "spent long periods of time with him in the jail." Counsel reviewed the jury instructions with Rivera along with his constitutional rights (as is counsel's habit), explained that the State would have to prove that he knowingly failed to register, WIS. STAT. § 301.45(6)(a), and discussed the problem with resting the defense solely on a claim that the 2005 court told Rivera he did not have to register when there was evidence that Rivera was informed that he had

---

[5] For example, the circuit court did not believe Rivera's claim that trial counsel never reviewed his constitutional rights with him and barely visited him at jail.

[6] Rivera argues that the circuit court ignored trial counsel's vague answers or refusal to answer during the postconviction motion hearing. The circuit court found trial counsel credible, and that finding was the circuit court's to make.

to register.[7] Counsel reviewed trial strategy and told Rivera that he thought Rivera could prevail at trial. It was Rivera who chose not to go to trial and decided to enter a plea and return to Mexico.

¶15 Rivera challenges the circuit court's findings, essentially arguing that the findings are not supported in the record. The circuit court found counsel credible and Rivera not credible. To the extent the circuit court's findings are based on its credibility determinations, we are bound by those determinations because they were for the circuit court to make. *See* ***State v. Peppertree Resort Villas, Inc.***, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345 (citation omitted) (the circuit court "is the ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony"). We accept the circuit court's findings of fact regarding the interactions between Rivera and counsel and about what Rivera knew and understood when he entered his no contest plea.

¶16 We conclude that Rivera's ***Bangert*** claim fails because the plea colloquy was sufficient and drew Rivera's attention to the matters that needed to be addressed as part of entering the plea. Additionally, the totality of the evidence establishes that Rivera received the information required to entering a knowing, intelligent, and voluntary plea.

---

[7] The record contains additional evidence that on multiple occasions and in multiple ways, Rivera was informed of the registration requirement. The WIS. STAT. § 974.06 court found that in the 2005 case, Rivera likely reviewed the presentence investigation report with his counsel, and the report highlighted the registration requirement. After he was convicted, Rivera signed "Sex Offender Registration Form 1759." During the § 974.06 hearing in the 2005 case, Rivera conceded that he learned of the registry requirement during an interaction with his probation agent shortly after sentencing in that case. Before he was deported in March 2007, Rivera received a letter warning him that he needed to continue complying with registry requirements after deportation.

¶17 We further conclude that the circuit court's findings of fact regarding the interactions between trial counsel and Rivera defeat Rivera's **Nelson/Bentley** ineffective assistance of counsel claim. Counsel met with Rivera, reviewed matters relating to the plea and the defense to the charge, and was willing to try the case. It was Rivera who decided to forgo a trial, enter a plea, and return to Mexico. Counsel's representation was neither perfunctory nor deficient.

¶18 We conclude that the circuit court did not misuse its discretion when it concluded that Rivera did not establish a manifest injustice necessitating plea withdrawal. **Taylor**, 347 Wis. 2d 30, ¶48.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).