COURT OF APPEALS
DECISION
DATED AND FILED

November 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP727-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF370

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

ALLEN DONALD KISER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Allen Kiser appeals a judgment of conviction and an order denying his postconviction motion. Kiser argues that he should be allowed to withdraw his plea because he did not understand the nature of the charge and because trial counsel was ineffective when counsel informed him about likely sentencing outcomes. We affirm.

¶2 Kiser pled guilty to one count of first-degree sexual assault of a child under thirteen years of age. Kiser filed a postconviction motion seeking to withdraw his plea on the grounds that he did not understand the charge and that his trial counsel was ineffective by misadvising him about the likelihood that the sentencing court would impose and stay a sentence or withhold sentence and place him on probation. The circuit court denied the motion after holding a *Machner* hearing.[1]

¶3 Kiser argues that he should be allowed to withdraw his plea because the plea colloquy was defective in the way that the circuit court attempted to establish his understanding of the nature of the charge. His argument is based on case law establishing that, if the court failed to satisfy a plea colloquy duty, and the defendant alleges that the defendant did not understand the required information, the burden shifts to the State to prove by clear and convincing evidence that the defendant did understand. *State v. Howell*, 2007 WI 75, ¶¶27-30, 301 Wis. 2d 350, 734 N.W.2d 48.

¶4 For purposes of this appeal, we assume without deciding that the colloquy was defective, and we focus instead on the circuit court's findings after

---

[1] *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

hearing testimony from Kiser and his trial counsel at the *Machner* hearing. The court found that it was "not credible" that Kiser did not understand the nature of the charge, in light of counsel's explanation to him before the plea hearing, the plea colloquy, Kiser's education and experience, and the "simple, direct language" used in the elements of the charge to which he entered a plea.

¶5 On appeal, Kiser offers little argument about this finding. He focuses on the fact that, at the plea hearing, the circuit court asked only whether Kiser had questions about the charge, rather than whether he understood it. Kiser also notes his lack of prior experience with the criminal justice system. However, we do not agree that these facts, when viewed in the larger context of the *Machner* hearing testimony and the facts found by the court, are enough to demonstrate that the court's determination about Kiser's understanding was clearly erroneous.

¶6 Kiser also argues that he was not informed about the consequences of two charges that were dismissed and read in. Referring to the evidence presented at the *Machner* hearing, the circuit court said:

> I find it compelling that Mr. Kiser never said that his attorney didn't explain the effect of the dismissed and read in charges to him. Instead, he simply said more than once that he doesn't recall if his attorney explained what the effect of the dismissed and read in charges would [be]. I find that [trial counsel] credibly testified that he did explain to Mr. Kiser the effect of dismissed and read in charges.

¶7 On appeal, Kiser does not make a compelling argument that this finding by the circuit court was clearly erroneous. He does not dispute the court's description of the testimony. Instead, he merely argues that the testimony was not sufficient to prove his understanding by clear and convincing evidence regarding his understanding of the consequences of dismissing but reading in the charges at

sentencing. We conclude that the evidence of Kiser's understanding was sufficient to that degree and that, therefore, this is not a basis for plea withdrawal.

¶8      Next, Kiser claims that his trial counsel was ineffective by providing bad advice about possible sentencing outcomes.  At sentencing, Kiser's attorney argued for probation, while the State argued for twenty years of total imprisonment.  The circuit court imposed a total imprisonment sentence of fifty years.

¶9      To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determinations of deficient performance and prejudice are questions of law that we review without deference to the circuit court.  *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶10      Kiser argues that, when he entered his guilty plea, he was unaware that probation was highly unlikely, and contends that his trial counsel "misled" him by "allow[ing]" him to believe probation was a reasonable possibility.  However, Kiser again fails to come to grips with the circuit court's unfavorable findings after the *Machner* hearing.  The court said in part:

> I find that trial counsel's testimony at the *Machner* hearing clearly established that he had discussed that [probation] was a very low probability with Mr. Kiser and that Mr. Kiser, nonetheless, wanted to pursue probation as the course of his argument.  I find that the totality of the trial attorney's testimony is that he warned the defendant regarding what was possible and what was probable.  Trial counsel also testified credibly at the *Machner* hearing that it was Mr. Kiser who wanted to argue for probation. Mr. Kiser testified as well at our *Machner* hearing.  His testimony was that it was trial counsel's decision to argue

4

> for probation in this matter. I find that testimony was not credible. I find that the trial counsel['s] … testimony, was much more credible in this regard; that it was Mr. Kiser's decision that this is something that he wanted to argue for, despite the fact that [trial counsel] had provided advice and counsel that he thought it was quote, *Going to be an uphill battle*.

(Emphasis in original.)

¶11 Kiser argues that the circuit court gave insufficient weight to trial counsel's statement during the **Machner** hearing that, in hindsight, counsel believed that he should have told Kiser that probation was "impossible." But this was merely counsel's subjective view at the time of the hearing. Further, the court expressly noted this particular testimony by counsel, and explained that the court regarded it as "one statement taken in isolation from the rest of the record." The court's findings that Kiser was aware that probation was unlikely, but still wanted to argue for it, were not clearly erroneous. Accordingly, this claim of ineffective assistance was properly rejected.

> *By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

5