COURT OF APPEALS
DECISION
DATED AND FILED

March 10, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP1801-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF2667

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

ROBERT LEE DANIELS,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI and DAVID C. SWANSON, Judges. *Affirmed.*

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Robert Lee Daniels appeals from a judgment of conviction entered on his guilty plea and an order denying his motion for postconviction relief.  Specifically, Daniels argues that trial counsel was ineffective for not objecting to an alleged breach of the plea agreement.  For the following reasons, we conclude that the plea agreement was not breached. Therefore, we affirm.

## BACKGROUND

¶2    Daniels pleaded guilty to first-degree reckless homicide, and the parties stipulated that the facts in the criminal complaint could provide the factual basis for the guilty plea.  The complaint describes how Daniels came to a police station to confess that he strangled his former romantic partner, Janet,[1] to death and tossed her body into a dumpster in an alley.  Police found her body in the dumpster to which Daniels referred them, and an autopsy confirmed that her death was a homicide caused by asphyxiation.

¶3    The State charged Daniels with first-degree intentional homicide. Daniels entered a negotiated plea agreement to one count of first-degree reckless homicide.  Under the terms of the plea, the State downgraded the homicide charge and agreed to recommend a prison sentence without recommending a particular length of time.

---

[1]  We adopt the pseudonym used by the State in its brief.  *See* WIS. STAT. RULE 809.86(4) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

¶4      Following the plea, the trial court[2] held a sentencing hearing.  Three of Janet's loved ones addressed the court.  Janet's mother expressed her profound grief and anger, admitting that she wished she "could beat [Daniels] to death and dispose of him in a dumpster."  Janet's brother asked the trial court to impose the maximum possible sentence.  A family friend stated that Daniels should get "100 years ... and then get thrown in the garbage can."

¶5      The prosecutor then reviewed Daniels's criminal history.  Daniels had a felony conviction from 2002 and misdemeanor convictions from 2003, 2005, and 2010.  In 2014, Daniels was convicted of first-degree recklessly endangering safety, strangulation and suffocation, and substantial battery, all with the domestic abuse enhancer, involving a different victim than Janet.  Daniels was on extended supervision in the 2014 case when he killed Janet.

¶6      In closing, the prosecutor offered the following remarks to summarize the State's position:

> So, Your Honor, the State has left the sentence up to the court.  Well, obviously, we're asking for a prison sentence, but the number [is] up to the court.  The family has told you what they're asking you to consider and, obviously, the defense will have that opportunity, but I guess what I would say in closing is that this type of crime, this type of murder of someone that is so personal, so violent is the worst type of crime in our community, and I just ask that the court gives a sentence that reflects that for the family of this victim.

---

[2] The Honorable David L. Borowski took Daniels's plea and sentenced him.  We refer to Judge Borowski as the "trial court."  The Honorable David C. Swanson denied Daniels's postconviction motion.  We refer to Judge Swanson as the "postconviction court."

The trial court sentenced Daniels to 42 years, bifurcated into 32 years of initial confinement and 10 years of extended supervision.[3]

¶7 The trial court stated that "the sentence focuses primarily on punishment, deterrence, [and] protecting this community." It observed that the State had overwhelming evidence with which to prove Daniels guilty of first-degree intentional homicide and that a life sentence without parole would have been appropriate had he been convicted of that offense.

¶8 Following sentencing, Daniels filed a postconviction motion seeking resentencing before a different judge. He argued that trial counsel was ineffective for not objecting to a material and substantial breach of the plea agreement by the State at sentencing. Specifically, he asserted that the prosecutor breached the plea agreement in her closing remarks by implicitly endorsing the statements from Janet's supporters advocating for the maximum possible punishment.

¶9 The postconviction court denied the motion without a *Machner*[4] hearing. It found that the prosecutor complied with the State's obligation not to recommend a specific length of sentence. It rejected Daniels's characterization of the prosecutor's closing remarks, determining that the prosecutor urged the trial court to impose a prison sentence that reflected the heinousness of the offense for the benefit of Janet's supporters, not the exact sentence that the supporters desired.

¶10 Daniels appeals.

---

[3] Daniels faced a 60-year maximum sentence. WIS. STAT. §§ 939.50(3)(b), 940.02(1).

[4] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

## DISCUSSION

¶11    Daniels argues that the State materially and substantially breached the plea agreement by endorsing the recommendations of Janet's loved ones that Daniels receive the maximum possible sentence.  Because trial counsel did not object to the alleged breach at the sentencing hearing, any objection must now be raised through a claim of ineffective assistance of counsel.  *State v. Carprue*, 2004 WI 111, ¶47, 274 Wis. 2d 656, 683 N.W.2d 31.  "In order to prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that counsel's errors or omissions prejudiced the defense."  *State v. Sprang*, 2004 WI App 121, ¶25, 274 Wis. 2d 784, 683 N.W.2d 522.  To prove deficient performance, the defendant must show that counsel's performance fell below an objective standard of reasonableness.[5]  *Id.*

¶12    Whether the State engaged in conduct that constitutes a material and substantial breach of the plea agreement is a question of law that we review independently.  *State v. Bokenyi*, 2014 WI 61, ¶38, 355 Wis. 2d 28, 848 N.W.2d 759.  However, the terms of a plea agreement and the historical facts of the State's conduct that allegedly constituted the breach of a plea agreement are questions of fact reviewed for clear error.  *Id.*, ¶37.

¶13    Because the postconviction court denied Daniels's motion without a *Machner* hearing, the issue to be decided on appeal is whether Daniels's motion

---

[5] We decide the case on the basis that trial counsel did not perform deficiently for failing to object to the State's alleged breach of the plea agreement.  We therefore do not address the State's arguments related to prejudice, under what circumstances prejudice is presumed, or the effect of *Puckett v. United States*, 556 U.S. 129 (2009), on our supreme court's holding in *State v. Smith*, 207 Wis. 2d 258, 558 N.W.2d 379 (1997) that prejudice is presumed in cases where the State breaches a plea agreement regardless of whether the objection was preserved.

alleged sufficient facts entitling him to a hearing. ***State v. Sholar***, 2018 WI 53, ¶51, 381 Wis. 2d 560, 912 N.W.2d 89. "If a defendant's motion asserting ineffective assistance 'does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing.'" ***Id.***, ¶50 (quoting ***State v. Sulla***, 2016 WI 46, ¶23, 369 Wis. 2d 225, 880 N.W.2d 659).

¶14     Daniels argues that Janet's loved ones unanimously recommended that Daniels receive the maximum possible sentence, and the prosecutor's closing remarks specifically drew attention to this recommendation and asked the court to impose a sentence that would satisfy them. Daniels claims that these remarks deprived him of a substantial and material benefit for which he bargained, namely, the State's agreement to remain silent as to the length of the prison sentence the court should impose.

¶15     The State argues, and the postconviction court concluded, that the State did not breach the plea agreement. The State claims that the prosecutor's remarks were directed at the gravity of the offense and the effect of Daniels's crime on Janet's loved ones. The State asserts that these are appropriate sentencing considerations, and the prosecutor was not prohibited from calling attention to them by her agreement not to recommend a particular prison sentence.

¶16     We agree with the State and the postconviction court. The prosecutor was not required to disavow the statements and recommendations of Janet's loved ones, nor was it a breach of the plea agreement for the prosecutor to comment on them. *See* ***State v. Liukonen***, 2004 WI App 157, ¶10, 276 Wis. 2d 64, 686 N.W.2d 689 (explaining that plea agreements "in which a prosecutor

agrees to cap his or her sentencing recommendation" do not prevent a prosecutor "from supplying information that supports a harsher sentence than the one recommended by the prosecutor"); *State v. Stewart*, 2013 WI App 86, ¶¶16-19, 349 Wis. 2d 385, 836 N.W.2d 456. "A prosecutor can still inform the circuit court of aggravating sentencing factors, including facts concerning the defendant's character and behavioral patterns." *Stewart*, 349 Wis. 2d 385, ¶17.

¶17 That is what the prosecutor did here. The prosecutor's characterization of the offense as particularly severe and the "worst type" of crime falls within the bounds of permissible advocacy to justify the State's general recommendation for a prison sentence. The prosecutor's comments were aimed to emphasize the gravity of Daniels's conduct and its effect on Janet's loved ones. The plea agreement did not restrict the State from urging the trial court to consider the full context of Daniels's crime and its consequences when determining the appropriate sentence.

¶18 Moreover, the prosecutor's request that the trial court impose "a sentence that reflects **that** for the family of this victim" did not constitute an endorsement of the loved ones' sentencing recommendations. The bolded word, "that," refers to the prosecutor's preceding statement wherein she described the homicide as "so personal," "so violent," and "the worst type of crime in our community[.]" The prosecutor was not directly or indirectly asking the court to give Daniels a sentence that reflected the loved ones' wishes; she was asking the court to give Daniels a sentence that reflected the very personal, violent nature of his crime. Her statements fell within the permissible scope of advocacy under Wisconsin law, focusing on the facts of the case and the gravity of the defendant's actions.

¶19     Because we conclude that the prosecutor did not breach the plea agreement, trial counsel cannot be deemed to have performed deficiently for failing to make a meritless objection. *See* ***id.***, ¶20.

## CONCLUSION

¶20     We conclude that the prosecutor's closing remarks at sentencing did not constitute a breach of the plea agreement, and trial counsel was not deficient for failing to object to the alleged breach. Accordingly, we affirm the judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.