COURT OF APPEALS
DECISION
DATED AND FILED

July 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP591-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF282

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROBIN PAUL BILDEAU,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Sawyer County: JOHN P. ANDERSON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Robin Bildeau appeals from a judgment convicting him of one count of child enticement (intent to cause mental or bodily harm).

Bildeau also appeals from an order denying his motion for postconviction relief. At sentencing, the State recommended that the circuit court order Bildeau to register as a sex offender for a period of fifteen years. Bildeau contends that his trial attorney was constitutionally ineffective by stating that Bildeau had no objection to the State's recommendation in that regard. We conclude Bildeau has failed to establish that his trial attorney performed deficiently. We therefore affirm.

**BACKGROUND**

¶2 Before Bildeau was charged in the instant case, he had been convicted twice of offenses involving sexual misconduct. As relevant to this appeal, in June 2016, Bildeau was convicted of third-degree sexual assault in Sawyer County case No. 2015CF258. Bildeau was sentenced to two years' initial confinement followed by three years' extended supervision on the third-degree sexual assault charge.

¶3 Third-degree sexual assault is a sex offense for purposes of the sex offender registration statute. *See* WIS. STAT. § 301.45(1d)(b) (2019-20) (defining the term "sex offense" to include a violation of WIS. STAT. § 940.225(3) (2019-20)).[1] As such, a person convicted of third-degree sexual assault is statutorily required to register as a sex offender for a period of fifteen years after being discharged from extended supervision. *See* § 301.45(5)(a)2. Bildeau is scheduled to be discharged from extended supervision in case No. 2015CF258 on

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

January 24, 2033.[2]  Accordingly, Bildeau will be required to register as a sex offender as a result of his conviction in case No. 2015CF258 until January 24, 2048.

¶4    In December 2016, the State filed a criminal complaint in this case charging Bildeau with first-degree sexual assault of a child (contact with a child under age thirteen), contrary to WIS. STAT. § 948.02(1)(e).  According to the complaint, a child reported that Bildeau had "put his 'pee pee' in her butt."  The assault was alleged to have occurred in July 2013, when the child was three years old.

¶5    First-degree sexual assault of a child (contact with a child under age thirteen) is a Class B felony and carries a maximum sentence of sixty years' imprisonment.  WIS. STAT. §§ 939.50(3)(b), 948.02(1)(e).  Additionally, first-degree sexual assault of a child is a sex offense for purposes of the sex offender registration statute, and a person convicted of that crime is statutorily required to register as a sex offender for the remainder of his or her life.  WIS. STAT. § 301.45(1d)(b), (5)(b)1m.

¶6    Pursuant to a plea agreement, Bildeau ultimately pled no contest to a reduced charge of child enticement (intent to cause mental or bodily harm), contrary to WIS. STAT. § 948.07(5).  In exchange for Bildeau's no-contest plea to the child enticement charge, the State agreed to cap its sentence recommendation at the recommendation contained in the presentence investigation report (PSI)

---

[2] Bildeau's sentence in the instant case was ordered to run consecutively to his sentence in case No. 2015CF258.  As a result, Bildeau will not be discharged from extended supervision in case No. 2015CF258 until January 2033.

prepared by the Wisconsin Department of Corrections (DOC). Child enticement is a Class D felony with a maximum sentence of twenty-five years' imprisonment. *See* WIS. STAT. §§ 939.50(3)(d), 948.07. The form of child enticement to which Bildeau pled is not a sex offense, for purposes of the sex offender registration statute. *See* WIS. STAT. § 301.45(1d)(b). However, a circuit court has discretion to require a person convicted of that offense to register as a sex offender if the court determines that the underlying conduct was sexually motivated and that it would be in the interest of public protection to require sex offender registration. WIS. STAT. § 973.048(1m)(a).

¶7      The DOC's PSI recommended that the circuit court sentence Bildeau to eight to fifteen years' initial confinement followed by four to five years' extended supervision. The PSI also recommended that the court require Bildeau to register as a sex offender for fifteen years. The defense submitted an alternative PSI, which recommended a sentence consisting of eight years' initial confinement and ten years' extended supervision. The alternative PSI also recommended that Bildeau be ordered to "[c]omply with SORP," i.e., the sex offender registry program.

¶8      At sentencing, the State recommended that the circuit court sentence Bildeau to fifteen years' initial confinement followed by five years' extended supervision, consistent with the recommendation in the DOC's PSI. The State also agreed with the recommendation in the DOC's PSI that the court order Bildeau to register as a sex offender for fifteen years.

¶9      Bildeau's trial attorney, Stephen Willett, argued that "a substantial period of probation" with "very strict guidelines" was appropriate. Willett asserted that absent any mitigating or aggravating factors, under the DOC's

sentencing guidelines, Bildeau's sentence should be "4 to 5 years initial incarceration followed by … 3 to 4 years extended supervision." Willett argued, however, that in Bildeau's case, various mitigating factors justified probation. For example, Willett noted that since the assault at issue in this case occurred, Bildeau had served time in prison for an unrelated offense and had participated in treatment programs while in prison. Willett also noted that after Bildeau was released from prison, he had engaged in education and treatment and had secured employment, all of which were "stabilizing factors."

¶10 With respect to the sex offender registry, Willett observed that Bildeau was "already registered as a sex offender" based on his conviction in case No. 2015CF258. Willett then stated that Bildeau did not "have any objection" to the circuit court ordering a fifteen-year registration period in the instant case. Willett explained that "when someone is under the sex offender registration, the monitoring becomes substantially higher." Willett therefore argued that the strict monitoring provided by the sex offender registry would adequately protect the public, thus eliminating the need for confinement and allowing Bildeau to be placed on probation.

¶11 The circuit court sentenced Bildeau to twelve years' initial confinement followed by six years' extended supervision, consecutive to his sentence in case No. 2015CF258. The court also found, based on the facts alleged in the criminal complaint, that Bildeau's crime was "sexually motivated." Accordingly, the court ordered Bildeau to register as a sex offender for fifteen years following his discharge from extended supervision.

¶12 Bildeau filed a motion for postconviction relief. As relevant to this appeal, Bildeau argued that Willett was constitutionally ineffective by

"stipulat[ing] to the [S]tate's request that the court order 15 years of sex offender registration—despite [Bildeau's] express wishes to avoid time on the registry." In his motion, Bildeau alleged that he "made clear" to Willett that "he was concerned about having to register as a sex offender" and that he "wanted to avoid that outcome if at all possible." Bildeau contended that Willett rendered ineffective assistance by disregarding his wishes and failing to object to the State's request for fifteen years of registration. Willett further argued that the appropriate remedy was resentencing before a different judge.

¶13    The circuit court held a **_Machner_**[3] hearing, during which both Willett and Bildeau testified. Willett testified that before Bildeau entered his plea, they discussed the fact that a conviction for first-degree sexual assault of a child— the offense with which Bildeau was originally charged—would have required Bildeau to register as a sex offender for the rest of his life. They also discussed the fact that a conviction for any sex offense would have required lifetime registration because Bildeau had previously been convicted of a sex offense in case No. 2015CF258. _See_ WIS. STAT. § 301.45(5)(b)1. Willett acknowledged that, during these discussions, Bildeau stated he wanted to avoid lifetime registration. Willett testified he explained to Bildeau that child enticement in violation of WIS. STAT. § 948.07(5) is not a sex offense, and Bildeau therefore "knew" that pleading to that offense was "not going to [result in mandatory] lifetime registration."

¶14    Nevertheless, Willett testified that he also told Bildeau it was "possible" that the circuit court would order him to register as a sex offender if he

---

[3] _See_ **_State v. Machner_**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

pled to the reduced child enticement charge, based on the sexual nature of the conduct alleged in the criminal complaint. Willett explained that because Bildeau was already required to register as a sex offender based on his previous Sawyer County conviction, a fifteen-year registration requirement in the instant case would only extend his existing registration period by "three, four years." Willett testified that given these circumstances, Bildeau was not "concerned" about the possibility of a fifteen-year registration requirement, rather, "he was concerned about the lifetime." Bildeau therefore "left it up to [Willett] in trial strategy how [he] would approach … the 15[-]year registration."

¶15 Willett further testified that Bildeau's "one, and only one, consideration" in entering into a plea agreement was to reduce his sentencing exposure. According to Willett, Bildeau was aware that he had a "very significant criminal record," so he instructed Willett to "do [his] level best to … have this matter reduced." Willett testified that Bildeau "wasn't as concerned about the sex offender registry as he was about the possibility of being incarcerated."

¶16 Because Bildeau had given Willett discretion as to how to handle the possibility of a fifteen-year registration requirement, Willett testified that he decided to use the prospect of sex offender registration "as a positive argument for reducing the [sentencing] exposure that Mr. Bildeau faced." Willett explained that he was familiar with the sentencing judge and knew that, historically, one of the judge's main concerns was the protection of the public. Willett therefore attempted to convince the judge that "the public was going to be protected" even if Bildeau was placed on probation because the sex offender registry "keeps track of where people are" and is "very aggressive about that." Willett explained that this strategy was consistent with Bildeau's directive that Willett should "argue for the least amount of time possible, in as far as being incarcerated."

¶17     Bildeau testified at the ***Machner*** hearing that he could not remember to what extent he and Willett had discussed the State's plea offer before he entered his plea. Bildeau also testified, however, that one of his goals in accepting a plea deal was to avoid more time on the sex offender registry and that he specifically told Willett that he did not want "any more time on the registry." Bildeau further testified that he never told Willett that he was willing to agree to more time on the registry and that Willett never asked whether he could tell the circuit court that Bildeau would not object to more time on the registry.

¶18     The circuit court denied Bildeau's postconviction motion. Based on the testimony presented at the ***Machner*** hearing, the court found that Bildeau had "twin objectives" in entering into the plea agreement—"little or no more [prison] time, [and] little or no more registration." The court agreed with Willett that, under the circumstances of this case, "15 years of additional registration … really wouldn't be 15 years." Instead, it "might be five or six years," given that Bildeau was already required to register as a sex offender in case No. 2015CF258. Under these circumstances, the court found credible Willett's testimony that Bildeau had deferred to his judgment regarding how to handle the possibility of a fifteen-year registration requirement. Conversely, the court found Bildeau's testimony that he told Willett he did not want any additional registration time to be incredible.

¶19     The circuit court also rejected Bildeau's argument that Willett's strategy of not objecting to fifteen years of sex offender registration in the hope of obtaining a probationary disposition was objectively unreasonable because probation was not "a reasonable prospect at sentencing." The court explained that, given all of the factors that the court considered at sentencing, both of Bildeau's objectives—i.e., "little or no more [prison] time, [and] little or no more registration"—were equally "weak." The court stated that an attorney who makes

a strategic decision when faced with "twin weak objectives" does not perform deficiently simply because his or her choice of strategy does not ultimately "work." Stated differently, the court reasoned that under the difficult circumstances presented here, Willett was not deficient for failing "to secure the perfect outcome at sentencing."

## DISCUSSION

¶20 Whether an attorney rendered ineffective assistance is a mixed question of fact and law. *State v. Nielsen*, 2001 WI App 192, ¶14, 247 Wis. 2d 466, 634 N.W.2d 325. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* However, whether the facts establish ineffective assistance is a question of law that we review independently. *Id.*

¶21 To prevail on an ineffective assistance claim, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to establish one of these prongs, we need not address the other. *See id.* at 697. Here, we conclude Bildeau has failed to show that Willett performed deficiently. Accordingly, we need not address prejudice.

¶22 To establish deficient performance, a defendant must show that trial counsel's performance fell below an objective standard of reasonableness. *State v. Breitzman*, 2017 WI 100, ¶38, 378 Wis. 2d 431, 904 N.W.2d 93. "In general, there is a strong presumption that trial counsel's conduct 'falls within the wide range of reasonable professional assistance.'" *Id.* (citation omitted). Moreover, we give "great deference" to counsel's strategic decisions. *Id.* (citation omitted). In fact, "strategic choices made after thorough investigation of law and facts

relevant to plausible options are virtually unchallengeable" on appeal. ***Strickland***, 466 U.S. at 690.

¶23 In this case, Bildeau argues that Willett performed deficiently at sentencing by stating—without Bildeau's permission—that Bildeau did not object to the circuit court ordering him to register as a sex offender for a period of fifteen years. Bildeau contends that by making that concession, Willett "contravened" Bildeau's goal of "avoiding more time as a registered sex offender." In support of this argument, Bildeau asserts the court expressly found that one of Bildeau's objectives in this case was "avoiding more time on the registry." Bildeau contends that Willett had an ethical responsibility to zealously pursue that goal on Bildeau's behalf and that his failure to do so—without first obtaining Bildeau's permission—constituted deficient performance. Bildeau further argues that Willett performed deficiently because he "offered his impermissible stipulation [to fifteen years of sex offender registration] in pursuit of an irrational sentencing strategy." In other words, Bildeau contends that Willett's choice of strategy at sentencing was objectively unreasonable.

¶24 Bildeau's argument rests on a faulty premise. Contrary to Bildeau's assertion, the circuit court did not find that one of Bildeau's objectives in this case was to avoid spending *any* more time on the sex offender registry. Rather, the court found that Bildeau had twin objectives, one of which was "*little or* no more registration." (Emphasis added.) The court expressly found Bildeau's testimony that he told Willett he did not want *any* additional registration time to be incredible. Bildeau does not argue on appeal that any of the court's factual findings or credibility determinations were clearly erroneous.

¶25 The circuit court also found credible Willett's testimony that Bildeau deferred to his judgment on how to handle the possibility of a fifteen-year registration requirement. In addition, the court noted that because Bildeau was already required to register as a sex offender for fifteen years in case No. 2015CF258, ordering him to register as a sex offender for fifteen years in the instant case would not actually result in fifteen additional years of registration, but instead only about five or six more years.

¶26 Under these circumstances, and particularly given the discretion granted to him by Bildeau, Willett could reasonably decide that the best strategy at sentencing was to accede to the State's recommendation of fifteen years of sex offender registration—which would actually result in only five or six additional years on the sex offender registry—and to argue that the close supervision provided by the registry would sufficiently protect the public, such that the court could place Bildeau on probation instead of sentencing him to prison. This strategy was consistent with Bildeau's directive that Willett should "argue for the least amount of time possible, in as far as being incarcerated."

¶27 Bildeau nevertheless argues that Willett's choice of strategy was objectively unreasonable. He contends:

> [F]or a Class D felony conviction based on Class B felony facts, for a case in which the PSI recommended between 12 and 20 years of imprisonment and the State recommended 20, and for a defendant with (as the circuit court put it at sentencing) "a horrible prior history of rehabilitation," probation with no condition time was an unreasonable request—with or without a registry stipulation.

¶28 As the circuit court aptly noted, Bildeau presented Willett with two "equally weak" objectives—"little or no more [prison] time, [and] little or no more

11

registration." Given the discretion that Bildeau granted Willett in determining how to handle the issue of the sex offender registry, and given Willett's belief that Bildeau's primary objective was to reduce his sentencing exposure, Willett could reasonably decide to pursue a probationary disposition, at the expense of adding five or six years to Bildeau's time on the sex offender registry. We will not second-guess Willett's reasonable strategic decision in that regard. *See Strickland*, 466 U.S. at 690. Instead, we agree with the circuit court that, under the difficult circumstances presented here, Willett's failure to "secure the perfect outcome at sentencing" did not constitute deficient performance.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.