COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2024AP771-CR**

Cir. Ct. No.  2022CF71

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

JOHN JOSEPH NORMAN, III,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Washington County: RYAN J. HETZEL, Judge. *Affirmed.*

        Before Neubauer, Grogan, and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. John Joseph Norman, III, appeals a judgment of conviction, entered following his no contest plea, for first-degree recklessly endangering safety. He also appeals an order denying postconviction relief. On appeal, Norman argues the circuit court erred by rejecting his argument that he received ineffective assistance of trial counsel without first holding a hearing on his claim. Based upon our review of the briefs and Record, we affirm.

¶2 According to a criminal complaint, Norman discharged his shotgun through his front door as a DoorDash delivery person was walking up the front door steps to deliver pizzas. When police arrived, Norman claimed the shotgun accidentally discharged, and he did not know the delivery person was on his porch when it occurred, though he admitted he had ordered pizzas through DoorDash that evening. Police could smell intoxicants coming from Norman, his eyes were red and bloodshot, and he sometimes forgot what questions he was asked. Norman exhibited signs of impairment on field sobriety tests, and police obtained a warrant to draw his blood and search his house. He had a blood-alcohol concentration of .12. In his home, police found a "12 gauge shotgun on the floor in front of the couch," a spent shotgun shell on top of some blankets on the couch, shotgun shell wadding, an open Tito's Vodka bottle that was one-fourth full, and several types of ammunition and gun-related items. Norman was also on Trazodone for insomnia. Further, at the time of this incident, Norman was on bond with a condition to maintain absolute sobriety. The State charged Norman with first-degree recklessly endangering safety with use of a dangerous weapon and felony bail jumping.

¶3 Pursuant to a plea agreement, Norman pled to first-degree recklessly endangering safety without the use-of-a-dangerous-weapon enhancer. The felony bail-jumping charge was dismissed and read in. His attorney explained Norman was pleading no contest for two reasons:

> Number one, as you can see from the criminal complaint, Mr. Norman has absolutely -- Well, he has almost very little memory of the event from that night, so we're taking the word of law enforcement and the rest of the witnesses in this case; and also t[wo] because of the possibility of some civil litigation.

The circuit court accepted Norman's plea, found him guilty, and sentenced him to prison.

¶4 After sentencing, Norman moved to withdraw his plea on the basis that trial counsel was ineffective for failing to advise him of a *McIntosh*[1] defense. He alleged that due to his intoxication, he had no recollection of the incident. He stated he did not know that, pursuant to *McIntosh*, he could ask the circuit court to determine whether his amnesia denied him a fair trial. Had he known this, he would not have entered a plea and would have proceeded to trial.

¶5 The circuit court found that Norman's motion failed to plead sufficient facts to establish that his self-induced drug and alcohol related blackout on the night of the incident would support a defense of amnesia. The court also noted that Norman's motion was an attempt to revive the defense of voluntary intoxication, which the Legislature repealed. The court determined trial counsel was not ineffective, and it denied Norman's motion for plea withdrawal. Norman appeals.

---

[1] *State v. McIntosh*, 137 Wis. 2d 339, 404 N.W.2d 557 (Ct. App. 1987). In *McIntosh*, we determined that "amnesia does not by itself either render a defendant incompetent to stand trial or, if tried, unable to be tried fairly." *Id.* at 347. We noted "[t]here will be cases, however, where the fact of amnesia will deny an otherwise competent defendant a fair trial." *Id.* at 348. "Where … permanent amnesia has been medically established, and competency in the sense of understanding the charges and procedures and assisting in the defense is not at issue, the question must be considered from the objective standpoint of whether, despite the amnesia, the defendant can receive a fair trial." *Id.* at 348-49. Circuit courts consider a multifactor analysis to determine the effect of the defendant's amnesia on the fairness of trial. *Id.* at 349-50.

¶6 A defendant seeking to withdraw a plea after sentencing must establish plea withdrawal is necessary to correct a manifest injustice. *State v. Savage*, 2020 WI 93, ¶24, 395 Wis. 2d 1, 951 N.W.2d 838. "One way to demonstrate manifest injustice is to establish that the defendant received ineffective assistance of counsel." *Id.*, ¶25 (citation omitted).

¶7 "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a *Machner*[2] testimonial hearing." *State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. The circuit court has discretion to deny an evidentiary hearing if "the defendant fails to allege sufficient facts in his or her motion, if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief." *Id.*

¶8 A claim of ineffective assistance of counsel must establish both deficient performance and prejudice, and failure to show either prong defeats the claim. *Savage*, 395 Wis. 2d 1, ¶27; *see also* *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Norman claims trial counsel was deficient for failing to advise him of a *McIntosh* defense.

¶9 *McIntosh* allows an amnestic defendant to ask the circuit court to consider whether the defendant's amnesia denied him or her a fair trial. *State v. McIntosh*, 137 Wis. 2d 339, 348-49, 404 N.W.2d 557 (Ct. App. 1987). In making that determination, courts consider a multifactor analysis as outlined in *McIntosh*. *Id.* at 349-50. However, before the *McIntosh* framework even applies, a defendant must show that "permanent amnesia has been medically established." *Id.* at 348. A

---

[2] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

defendant bears the burden of establishing his or her amnesia by a "clear preponderance of the credible evidence." ***Muench v. State***, 60 Wis. 2d 386, 392-93, 210 N.W.2d 716 (1973), *overruled on other grounds by* ***Schimmel v. State***, 84 Wis. 2d 287, 267 N.W.2d 271 (1978), *overruled by* ***Steele v. State***, 97 Wis. 2d 72, 294 N.W.2d 2 (1980).

¶10     Here, nothing in Norman's postconviction motion suggests Norman has "permanent amnesia [that] has been medically established." *See* ***McIntosh***, 137 Wis. 2d at 348.  He simply claims to not remember the underlying incident, and alleges he told his father and his attorneys about his lack of recollection.  Without medically establishing his amnesia, Norman is precluded from raising a due process claim based on amnesia.  His postconviction motion does not establish he would have been entitled to assert a ***McIntosh*** defense.  *See* ***Savage***, 395 Wis. 2d 1, ¶38 (counsel not deficient if defense is not available).  He has not established counsel was ineffective.

¶11     Further, and notwithstanding the fact that the postconviction motion fails to allege that Norman has medically established permanent amnesia, Norman failed to plead facts the circuit court would have considered in his favor under the ***McIntosh*** framework.  As stated previously, under ***McIntosh***, courts consider a multifactor analysis to determine whether an amnestic defendant can receive a fair trial:

> (1) The extent to which the amnesia affected the defendant's ability to consult with and assist his lawyer.
>
> (2) The extent to which the amnesia affected the defendant's ability to testify in his own behalf.
>
> (3) The extent to which the evidence in suit could be extrinsically reconstructed in view of the defendant's amnesia.  Such evidence would include evidence relating to the crime itself as well as any reasonably possible alibi.

(4) The extent to which the Government assisted the defendant and his counsel in that reconstruction.

(5) The strength of the prosecution's case. Most important here will be whether the Government's case is such as to negate all reasonable hypotheses of innocence. If there is any substantial possibility that the accused could, but for his amnesia, establish an alibi or other defense, it should be presumed that he would have been able to do so.

(6) Any other facts and circumstances which would indicate whether or not the defendant had a fair trial.

*McIntosh*, 137 Wis. 2d at 349-50. Other than his self-serving claims of his inability to recall the incident, Norman pled no facts that would allow him to prevail under the six-factor *McIntosh* framework. He has not established trial counsel was ineffective. *See Savage*, 395 Wis. 2d 1, ¶38.

¶12   Finally, we observe there is no law applying *McIntosh* to situations where the defendant's "amnesia" is purportedly caused by voluntarily getting so intoxicated that the person no longer remembers the details of his or her crime. In *McIntosh*, for example, the psychiatrist opined McIntosh's amnesia was permanent and consistent with head injuries he sustained in the accident. *McIntosh*, 137 Wis. 2d at 346. Trial counsel can never be ineffective for failing to raise an issue of unsettled law. *State v. Breitzman*, 2017 WI 100, ¶49, 378 Wis. 2d 431, 904 N.W.2d 93. Because Norman's postconviction motion for plea withdrawal did not establish counsel was ineffective, we conclude the circuit court properly denied Norman's motion without an evidentiary hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).

6