COURT OF APPEALS
DECISION
DATED AND FILED

February 18, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP142-CR**

Cir. Ct. No. **2020CF956**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

 PLAINTIFF-RESPONDENT,

 V.

EDWARD SANDERS, JR.,

 DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed*.

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Edward Sanders, Jr., appeals from a judgment convicting him of first-degree reckless homicide with use of a dangerous weapon

and from an order denying postconviction relief. Sanders argues: (1) he received ineffective assistance of trial counsel; (2) the circuit court erroneously instructed the jury on retreat, thus depriving him of a fair trial; and (3) he is entitled to discretionary reversal in the interest of justice. We affirm.

¶2    Sanders shot G.M.[1] outside Outbreak Billiards after an altercation involving Sanders's brother, Deangelo Herron. Multiple witnesses testified to a chaotic fight in the parking lot, during which Herron was punched and fell to the ground. Sanders testified that he believed his brother was in danger. The jury acquitted Sanders of first-degree intentional homicide and two counts of first-degree recklessly endangering safety, but found him guilty of first-degree reckless homicide.[2] Sanders moved for postconviction relief. The circuit court denied his motion after an evidentiary hearing. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

¶3    Sanders first argues that his trial counsel was ineffective for failing to authenticate and introduce at trial the recording of his 911 call. A defendant alleging ineffective assistance must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails on one prong, we need not address the other. *Id.* at 697.

¶4    Without deciding the matter, we assume, consistent with the circuit court's analysis, that counsel's failure to properly authenticate the 911 evidence,

---

[1] We use initials to protect the victim's privacy. *See* WIS. STAT. RULE 809.19(1)(g) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The two counts of first-degree recklessly endangering safety that Sanders was acquitted of involved persons other than G.M.

which led to its exclusion from trial, constituted deficient performance. *See id.* Even so, Sanders has not shown that he was prejudiced.

¶5     To establish the affirmative defense of self-defense or defense of others, Sanders needed to show that he held a reasonable belief that the force he used was necessary to prevent imminent death or great bodily harm to himself or his brother. *See* WIS. STAT. § 939.48(1).  The 911 call described the fight and Sanders's perception that the men were "jumping" his brother.  During his trial testimony, Sanders described the fight in much more detail and his perceptions about the danger he believed his brother faced.  The 911 call lacked the detail and nuance present in Sanders's trial testimony.  The call would have been probative of Sanders's subjective belief about what occurred—which was a subject of Sanders's testimony—but would have done little to show that Sanders had a *reasonable* belief that he needed to use the amount of force that he used.  We therefore conclude that there is no reasonable probability that playing the recording would have changed the outcome.  *See Strickland*, 466 U.S. at 694 ("[A] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

¶6     Sanders next contends that counsel was ineffective for not eliciting certain details from his police interview during his trial testimony.  Sanders testified that he yelled, "get back, get back" while the men continued to pummel his brother.  He contends that his counsel should have elicited from him that he yelled to the men "get back" five times.  The State correctly notes that Sanders does not show how counsel caused any omission in his testimony, nor does he demonstrate that this incremental detail—saying "get back" five times rather than two times—would have altered the verdict.  Sanders testified that he warned the

men and feared for Herron's safety, and the circuit court found counsel's questioning reasonable. Sanders therefore fails to establish deficient performance or prejudice as to this argument.

¶7 Sanders also argues that counsel should have requested that the definition of "great bodily harm" be inserted into the homicide/self-defense jury instruction. The circuit court gave the standard instruction, which is presumptively accurate. *Cf.* **State v. Ellington**, 2005 WI App 243, ¶8, 288 Wis. 2d 264, 707 N.W.2d 907 ("Although not binding on us, the committee's assessment of a proper jury instruction is 'persuasive.'" (citation omitted)). Moreover, the jury heard the statutory definition of great bodily harm twice in connection with the reckless-endangerment counts. Because the jury received the definition and acquitted Sanders of both forms of intentional homicide, he has not shown that the absence of the definition within the first count instruction prejudiced him.

¶8 For similar reasons, counsel was not ineffective for failing to object to the State's discussion of "great bodily harm" during closing argument. The circuit court found the State's argument consistent with the evidence and not misleading. Sanders's counsel testified that he strategically avoids objections during closing because they draw attention to the opponent's argument, and he instead addressed the State's points in his own closing. This strategic choice is entitled to deference. *See* **Strickland**, 466 U.S. at 690-91.

¶9 Sanders next challenges the circuit court's decision to give the retreat instruction, WIS JI—CRIMINAL 810. A court has broad discretion in crafting its instructions so long as the instructions accurately reflect the law. *See* **State v. Anderson**, 2014 WI 93, ¶16, 357 Wis. 2d 337, 851 N.W.2d 760. The instruction accurately states that there is no duty to retreat but allows the jury to

4

consider the feasibility of retreat as part of assessing the reasonableness of a defendant's actions undertaken in self-defense under WIS. STAT. § 939.48. Sanders asserted both self-defense and defense-of-others, and the instruction appropriately related to his self-defense claim. The court therefore acted within its discretion in giving the jury the retreat instruction.

¶10    Finally, Sanders is not entitled to discretionary reversal under WIS. STAT. § 752.35. Such relief is reserved for exceptional cases. *State v. Avery*, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60. Sanders's argument simply repackages his ineffective-assistance claims, which we have rejected. The Record demonstrates that the real controversy—whether Sanders acted reasonably in firing his weapon—was fully tried, and Sanders does not show a substantial probability that there would be a different result on retrial. *See Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797 (1990).[3]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Sanders claimed that counsel should have objected to the State's rebuttal remark that Sanders had heard the other witnesses and could tailor his testimony accordingly. The circuit court concluded that this was a permissible credibility argument under *Portuondo v. Agard*, 529 U.S. 61, 66-67 (2000). Sanders concedes in his reply brief that he cannot prevail on this issue and therefore withdrew this argument.